IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**

January 13, 2021
SX-2017-CV-00081
TAMARA CHARLES
CLERK OF THE COURT

## SUPERIOR COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

| | |
|---|---|
| JEROME B. CIPRIANI AND LAWRENCE W. CIPRIANI,<br><br>PLAINTIFFS,<br><br>V.<br><br>ROBEN CIPRIANI,<br><br>DEFENDANT. | Civil No. SX-17-CV-081<br><br>ACTION FOR INTESTATE ADMINISTRATION<br><br>CITE AS: 2021 VI SUPER 4P |

**Appearances:**
**Scott F. McChain, Esq.**
McChain Hamm & St. Jean LLP
Christiansted, U.S. Virgin Islands
*For Plaintiffs*

**K. Glenda Cameron, Esq.**
Law Offices of K.G. Cameron
Christiansted, U.S. Virgin Islands
*For Defendant*

### MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶ 1 **THIS MATTER** is before the Court on Defendant Roben Cipriani's (hereinafter "Defendant") motion to alter or amend judgment dated August 5, 2020 and incorporated memorandum of law, filed on August 17, 2020. Plaintiff Jerome B. Cipriani and Plaintiff Lawrence W. Cipriani (hereinafter collectively "Plaintiffs") did not file a response thereto

### BACKGROUND

¶ 2 On March 6, 2017, Plaintiffs filed a complaint against Defendant seeking partition by sale of the following real property: Plot No. 266, consisting of 0.375 U.S. acre, and Plot No. 267, consisting of 0.375 U.S. acre, more or less, of Estate Peter's Rest, Queen Quarter, St. Croix, U.S. Virgin Islands (hereinafter "Property"). The complaint sought for "an order directing that the

Property be sold and the net proceeds be divided equally, after reimbursement of the parties for the costs of this action, as well as any other relief this Court deems appropriate." (Compl., p. 2) On April 6, 2017, Defendant appeared pro se and filed his answer and counterclaim.[1] In his counterclaim, Defendant stated that he: (i) "does not object to the sale of the property for a reasonable price, to be determined by a mutually agreed upon third-party or this Court," (ii) "is owed contribution from the proceeds of any sale of the Property for property taxes he has been paying for several years," (iii) "is owed a set-off for the cost of maintenance he has done or caused to be done on the property over several years," and (iv) "objects to the award of costs or fees to Plaintiffs for the bringing of this unnecessary complaint." (Counterclaim ¶¶ 11-14) On April 12, 2017, Plaintiffs filed their answer to Defendant's counterclaim and agreed that "Defendant should be reimbursed from the sale proceeds for any property taxes that he has paid on the property, upon submission of proof of such payments" and that "Defendant and the Plaintiffs should be reimbursed from the sale proceeds for any expenses incurred by any of them for maintenance of the property, upon submission of proof of such payments." (Plaintiffs' Answer ¶¶ 2-3)

¶ 3　　On October 10, 2018, Plaintiffs filed a motion for order for partition by sale whereby Plaintiffs requested the Court to "enter an order directing that the Property be sold and the net proceeds by divided equally among the owners, after reimbursement of the parties for expenses for incurred property taxes, property maintenance and the costs of this action, as well as any other relief this Court deems appropriate." According to the certificate of service attached to the motion for order for partition by sale, a copy was served on Defendant via mail on October 10, 2018. Defendant did not file a response to Plaintiffs' motion for order for partition by sale.

---

[1] Defendant had erroneously referred to his counterclaim as a cross-claim.

¶ 4    On November 14, 2018, the Court entered an order whereby the Court ordered Defendant to submit proof of entitlement to contribution to the Property within thirty days from the date of entry of the order and reserved ruling on Plaintiffs' motion for order for partition by sale pending receipt of Defendant's proof of entitlement to contribution to the Property. According to the record, a copy of the November 14, 2018 order was served on Defendant via mail and nothing in the record reflects that the mail was returned to sender, the Superior Court of the Virgin Islands, Division of St. Croix.

¶ 5    On December 20, 2018, Plaintiff Jerome B. Cipriani filed a notice of filing proof of entitlement to contribution to the Property in the total amount of $8,990.00 for expenses he incurred in the maintenance of the Property and attached supporting documents. According to the certificate of service attached to the notice of filing proof of entitlement to contribution to the Property, a copy was served on Defendant via mail on December 20, 2018. Defendant did not file a response to Plaintiff Jerome B. Cipriani's notice of filing proof of entitlement to contribution to the Property.

¶ 6    On May 17, 2019, the Court entered an order (hereinafter "May 17, 2019 Order") whereby the Court granted Plaintiffs' motion for order for partition by sale and ordered that the parties "must equally partition by sale" the Property. (May 17, 2019 Order) On the same date, in accordance with the May 17, 2019 Order, the Court also entered a judgment (hereinafter "May 17, 2019 Judgment") whereby the Court declared that "all legal issues in the above-captioned matter are resolved," ordered that the parties "must evenly partition by sale" the Property, and ordered "that this matter will remain open for sixty days so the parties may file any additional documents they find necessary to the final disposition of the case [and] [u]pon the expiration of the sixty days, the case will be closed..." (May 17, 2019 Judgment) According to the record, a copy of the May

17, 2019 Order and May 17, 2019 Judgment were served on Defendant via mail and nothing in the record reflects that the mail was returned to sender, the Superior Court of the Virgin Islands, Division of St. Croix.

¶ 7    On July 16, 2020, Plaintiffs filed a motion to enforce the May 17, 2019 Judgment. According to the certificate of service attached to the motion to enforce, a copy was served on Defendant via mail on July 16, 2020. Defendant did not file a response to Plaintiffs' motion to enforce. Plaintiffs' motion to enforce stated, inter alia, that "[a]n Offer to Purchase the property was executed on February 19, 2020 and the property is now under contract for sale, however Defendant is unwilling to execute the deed in order for the property to be sold," that "Defendant is unwilling to execute the deed or otherwise cooperate in the sale," and that "Defendant's refusal to cooperate in any way has made such a conveyance impossible and is in violation of this Court's Order and Judgment." (Motion to Enforce, pp. 1-2) As such, Plaintiffs moved the Court to enforce the May 17, 2019 Judgment "to allow for the property to be sold by grant and consent of the Plaintiffs only" pursuant to Rule 70(a) of Virgin Islands Rules of Civil Procedure.[2]

¶ 8    On August 5, 2020, the Court entered an order (hereinafter "August 5, 2020 Order") whereby the Court acknowledged that Plaintiffs filed their motion to enforce pursuant to Rule 70(a) of Virgin Islands Rules of Civil Procedure, granted Plaintiffs' motion to enforce, ordered that "Plaintiffs, or either of them, may affix the Defendant's signature to the deed of sale and any

---

[2] Rule 70(a) of Virgin Islands Rules of Civil Procedure provides:

Rule 70. Enforcing a Judgment for a Specific Act

(a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done — at the disobedient party's expense — by another person appointed by the court. When done, the act has the same effect as if done by the party.

other document pertaining to the sale of the subject property that requires Defendant's execution,"[3]

and ordered that Defendant pay Plaintiffs' costs and attorney's fees for the filing of the motion to

enforce. According to the record, a copy of the August 5, 2020 Order was served on Defendant via

mail and nothing in the record reflects that the mail was returned to sender, the Superior Court of

the Virgin Islands, Division of St. Croix.

¶ 9      On August 12, 2020, Defendant, pro se, filed an objection (hereinafter "Objection") to the

Court's August 5, 2020 Order. On August 17, 2020, Attorney K. Glenda Cameron filed a notice

of appearance for Defendant and a motion to alter or amend judgment dated August 5, 2020

pursuant to Rule 59(e)Virgin Islands Rule of Civil Procedure (hereinafter, "Rule 59(e)").[4]

Defendant attached, inter alia, his Objection as an exhibit in support of his motion.

## STANDARD OF REVIEW

¶ 10     Motions for reconsiderations are governed Rule 6-4 of Virgin Islands Rule of Civil

Procedure (hereinafter "Rule 6-4"). Rule 6-4 provides that "a party may file a motion asking the

court to reconsider its order or decision within 14 days after the entry of the ruling, unless the time

is extended by the court" and "[e]xtensions will only be granted for good cause shown." V.I. R.

CIV. P. 6-4(a). Rule 6-4 further provides that "[a] motion to reconsider must be based on:

---

[3] The August 5, 2020 order explained that "Plaintiffs must sign the Defendant's name on the deed, and it must be followed by this language: "signature affixed for Roben Cipriani by Order of the Superior Court of the Virgin Islands" and attach a copy of the August 5, 2020 Order to the deed as "Plaintiffs' proof that they have acted lawfully by affixing the signature of Defendant." (Aug. 5, 2020 Order, p. 2)

[4] Rule 59(e) governs motions to alter or amend a judgment and provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." V.I. R. CIV. P. 59(e). However, the August 5, 2020 Order was not a final judgment but an order granting Plaintiffs' motion to enforce. The fact that Defendant expressly evoked Rule 59 does not, in and of itself, cause the motion to arise pursuant to Rule 59(e). As such, the Court finds that Rule 59(e) is not applicable in this instance. Nevertheless, this is not a fatal error to Defendant's motion. Based upon the substance of Defendant's motion, the Court will construe it as a motion for reconsideration of the August 5, 2020 Order. *See Rodriguez v. Bureau of Corr.*, 70 V.I. 924, 928 n.1 (2019) (citing *Joseph v. Bureau of Corrections*, 54 V.I. 644, 648 n.2 (V.I. 2011) ("[T]he substance of a motion, and not its caption, shall determine under which rule the motion is construed.").

(1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling" and that "[w]here ground (4) is relied upon, a party must specifically point out in the motion for reconsideration where in the record of the proceedings the particular issue was actually raised before the court." V.I. R. CIV. P. 6-4(b). "Generally, '[a] motion for reconsideration is not a second bite of the apple.... [Instead, it serves] to focus the parties on the original pleadings as the 'main event' and to prevent parties from filing a second motion with the hindsight of the [C]ourt's analysis covering issues that should have been raised in the first set of motions.'" *Smith v. Law Offices of Karin A. Bentz, P.C.*, 2018 V.I. LEXIS 13, *15 (Super. Ct. Jan. 29, 2018) (citing to *In re Infant Sherman*, 49 V.I. 452, 457 (V.I. 2008)). In determining a motion for reconsideration, the Court should operate under "the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *See In re Infant Sherman*, 49 V.I. at 458.

## DISCUSSION

¶ 11     In his motion, Defendant moved the Court to amend the August 5, 2020 Order "on the basis of manifest error because of the erroneous findings of fact and the failure to accord due process to Defendant" and that "the Judgment in this matter must be amended to correct a clear error of law and to prevent manifest injustice." (Motion, pp. 1-2) Defendant made the following assertions in support of his argument: (i) Defendant was never served with any documents related to the sale of the property, and thus has not failed to comply with this Court's Order of May 14, 2019 which he has never received."[5] (Id., at p. 2); (ii) "Plaintiffs through their original counsel, Robert Waldman,

---

[5] Defendant referenced: Exhibit 1-Defendant's Objection. In his Objection, Defendant stated that "since the filing of [Defendant's] answer in this matter Defendant did not receive any notices regarding any further actions take in this matter" and "[Defendant] received no actual notices of any hearings or orders in this matter before receipt of the

had been informed since on or about March 24, 2017 that Defendant Cipriani was represented with regards to the sale of the property and they were to communicate with Defendant's counsel as to any matters regarding the sale of the property" and "[s]pecifically, Mr. Roben Cipriani communicated his willingness to cooperate on the sale to the property on the condition that 'all three brothers will sign the listing and agree on the sale price.'"[6] (Id.); (iii) "Since June 8, 2017 after Defendant Roben Cipriani approved the changing of the locks on the property to accommodate the Realtors per Plaintiffs' request, there has been no correspondence to him directly or indirectly through Defendant Roben Cipriani's designated representative regarding the sale of the property." (Id., at p. 3); (iv) "Defendant Roben Cipriani was never provided an 'Offer to Purchase' or any other documents relating to the sale of the property." (Id.); (v) "Plaintiffs representations to this court that Mr. Roben Cipriani failed to cooperate is without evidence in fact and Defendant respectfully asks this Court to reconsider its Order and award of fees against the Defendant." (Id.); (vi) "As to notice to Mr. Cipriani of this Court's Order of May 14, 2019 and to scheduling of hearings in this matter, Defendant Cipriani has no explanation as to why he did not receive such notice or whether any such notices were sent." (Id.); (vii) "[A]side from their bald assertion, there has been no showing by the Plaintiffs, to support their representation that

---

court's recent Order dated August 5, 2020, postmarked, August 7, 2020 and receipt of a motion from Plaintiff's [sic] counsel on or about July 19, 2019 [sic] while Defendant was sick with pneumonia." (Obj., p. 1) Defendant explained that "[i]n May 2017 [Defendant's] wife had a stroke and we went off-island to the Cleveland clinic for treatment[, t]hen Hurricanes Irma and Maria struck the Virgin Islands and we remained off-island for an additional three months after the hurricanes," and [Defendant] returned to St. Croix for a short period to clean up our home after the hurricane, then I went back off-island to return with my wife about six months later." (Id.) Defendant concluded that he "has no objection to the sale of the property for a reasonable price, but I have received no notices of any offers" and that "[t]he assertions by Defendant's [sic] counsel to this court that Defendant has 'refus[ed] to cooperate in any way' is patently false, because Defendant has not received any information about any offer, much less refused to cooperate." (Id., at pp. 1-2)

According to the record, Plaintiffs did not file any motion on or about July 19, **2019**. However, Plaintiffs filed their motion to enforce on or about July 19, **2020**—to wit, they filed their motion to enforce on July 17, 2020.

[6] Defendant referenced Exhibit 2-A printout of email correspondences between Defendant's counsel, Attorney K. Glenda Cameron, and Plaintiffs' counsel, Attorney Robert Waldman, from March 24, 2017 through June 8, 2017.

Defendant Roben Cipriani has failed to cooperate on the sale of the property[; f]or example, Defendant has continued to pay the taxes on the property, solely paying four (4) years of property taxes since the initiation of this lawsuit."[7] (Id., at p. 4); (viii) "Defendant Roben Cipriani, assiduous payment of the property taxes, that would facilitate the sale of the property is not the action of an individual who is failing to cooperate on the sale of the property." (Id., at p. 5); and (ix) "Aside from bald assertions to this court, the Plaintiffs have not made the requisite showing that Defendant Roben Cipriani has failed to cooperate and have submitted no evidence to this Court, that would justify the award of fees against Roben Cipriani, or the order that would permit them to sign away defendant's right participate in the sale of the property." (Id.) As such, Defendant asked the Court to "require the Plaintiffs to submit to this Court the evidence that they communicated information regarding this sale contract to Defendant or his counsel" and to "rescind its Order dated August 3, 2020 and entered on the docket on August 5, 2020." (Id.)

¶ 12     The Court must note at the outset that this matter was closed upon the expiration of sixty days after entry of the May 17, 2019 Judgment. Thereafter, Plaintiffs sought the assistance of this Court to enforce the May 17, 2019 Judgment. The August 5, 2020 Order was entered to assist Plaintiffs in the enforcement of the May 17, 2019 Judgment. This matter was never reopened and remains closed. Thus, while the Court will address Defendant's motion for reconsideration of the August 5, 2020 Order, the Court will not re-litigate the case.

## A. Rule 6-4

¶ 13     A proper Rule 6-4 motion must rely on one of four grounds: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or

---

[7] Defendant referenced Exhibit 3-A list of property tax payments made on the Property by Defendant from 2007 through 2020 with supporting documents.

(4) failure of the court to address an issue specifically raised prior to the court's ruling." V.I. R. CIV. P. 6-4(b). In his motion, Defendant argued "the need to correct clear error of law or to prevent manifest injustice" as the basis of his motion. However, the language of Rule 6-4 clearly only provides four grounds for reconsideration and "prevent manifest injustice" is not one of the four grounds.[8] The Court finds the pertinent language plain and unambiguous, and thereby the Court will give effect to the plain words of the rule. *See Banks of N.S. v. Dore*, 57 V.I. 105, 113-14 (Super. Ct. Oct. 19, 2012) (citing *Corraspe v. People*, 53 V.I. 470, 480-481 (V.I. 2010) ("The rules of this Court are applied using the same standards which govern the construction of statutes" and "the primary objective of the trial court is to give effect to plain words utilized in the subject rule."); *People v. Rivera*, 54 V.I. 116, 125 (Super. Ct. 2010) ("The procedural rules of courts are construed in accordance with the canons of statutory construction."); *In re People*, 49 V.I. 297, 306 (V.I. 2007)) ("We believe the pertinent language is plain and unambiguous, thereby dispensing with a resort to the canons of construction."). As such, "prevent manifest injustice" is not a ground for reconsideration under Rule 6-4 and the Court need not consider Defendant's arguments for

---

[8] In *Merchants Commercial Bank v. Oceanside Village, Inc.*, the court explained the history of the standard previously used by the Virgin Islands courts to analyze motions for reconsideration:

> Prior to the enactment of the new Rules of Civil Procedure in 2017, no specific Virgin Islands Rule authorized the Court to consider motions for reconsideration. Instead, the Court invoked Virgin Islands Superior Court Rule 7 to evaluate motions for reconsideration under a rule statement provided by Local Rule of Civil Procedure of the District Court of the Virgin Islands (LRCi) 7.3. *Merchants Commercial Bank*, 2019 V.I. LEXIS 145, at *5 n.20 (Super. Ct. Nov. 22, 2019).

Local Rule of Civil Procedure of the District Court of the Virgin Islands (LRCi) 7.3 provides:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
> 1. intervening change in controlling law;
> 2. availability of new evidence, or;
> 3. the need to correct clear error or prevent manifest injustice. LRCi 7.3.

reconsideration based on the need to prevent manifest injustice. *Contra Velasquez v. United Corp.,* 2018 V.I. LEXIS 129, at *6-7 (Super. Ct. Nov. 16, 2018) ("The Advisory Committee on Rules comment to Rule 6-4 refers to Supreme Court precedent prior to the adoption of the V.I. Rules of Civil Procedure noting manifest injustice as a ground for reconsideration. Because the Supreme Court has indicated that the Advisory Committee comments may have substantive significance, the Court will address United's manifest injustice argument."); *Smith v. Law Offices of Karin A. Bentz, P.C.,* 2018 V.I. LEXIS 13, *13 n.49 (Super. Ct. Jan. 29, 2018) ("As a result, case law from the old rules regime, which addresses 'clear error of law' or 'manifest injustice' or 'failure of the court to address an issue specifically raised prior to the court's ruling,' will be used when considering a motion for reconsideration based upon Rule 6-4(b)(3) and (4), as language in the cases allows.").

### 1. The Need to Correct Clear Error of Law

¶ 14    "When assessing a motion for reconsideration based on "the need to correct clear error of law," the court may grant the motion when its prior decision applied an incorrect legal precept or failed to conduct proper legal analysis using the correct legal precept." *Arvidson v. Buchar,* 72 V.I. 50, ¶ 4 (Super. Ct. Nov. 4, 2019); *see Beachside Assocs., LLC v. Fishman,* 53 V.I. 700, 706, 713-715, 716-718 (V.I. 2010) (affirming, in part, and vacating and remanding, in part, a trial court's denial of a motion for reconsideration because, in denying the motion, the trial court (1) correctly applied the law when finding no good cause existed for extending the time for service of process but (2) incorrectly applied the law after finding no good cause existed and then failing to complete the second step required by the rule, which prescribed the court to assess whether any additional factors warranted granting a permissive extension of time to effectuate service of process); *see also Merchants Commercial Bank,* 2019 V.I. LEXIS 145 at *5-6 (Super. Ct. Nov. 22, 2019)

(quoting *Smith*, 2018 V.I. LEXIS 13 at *13 n.48) ("When analyzing a motion for reconsideration based on 'the need to correct clear error of law'…, the Court's determination depends on whether the Court, in its prior decision, 'applied an incorrect legal precept or failed to conduct proper legal analysis using the correct legal precept.") The Court looks to the moving party to "specify the legal precept it should have applied" or "show how the correct legal precept was applied incorrectly in its earlier opinion." *See Smith*, 2018 V.I. LEXIS 13 at *17-18 ("As case law interpreting Virgin Islands Rule of Civil Procedure 6-4(b)(3) illustrates, the Court looks to Smith (1) to specify the legal precept it should have applied or (2) to show how the correct legal precept was applied incorrectly in its earlier Opinion (i.e., legal authority which would enable the Court to rule for the first time on his personal injury claim in the context of his legal malpractice-related claims or to rule his legal malpractice-related claims ripe)").

¶ 15    Here, Defendant's timely filed motion for reconsideration failed to offer any statute, case law, or any other legal authority that the Court could and should have applied in the August 5, 2020 Order. Nor did Defendant point to and explain how the legal authority used in the August 5, 2020 Order—Rule 70(a) of Virgin Islands Rule of Civil Procedure—was applied incorrectly or incompletely. Thus, the Court finds that Defendant failed to demonstrate that there was a clear error of law in the August 5, 2020 Order.[9]

---

[9] For the sake of completeness, assuming, *arguendo*, that "the need to prevent manifest injustice" is a ground for reconsideration under Rule 6-4, the Court will address Defendant's arguments in turn. When analyzing a motion for reconsideration based on the need to prevent manifest injustice, the term manifest injustice has been described as "the result of a plain error" or "an error in the trial court that is direct, obvious, and observable." *In re Manbodh Asbestos Litigation Series*, 69 V.I. 394, 427 (Super. Ct., Oct. 17, 2018) (citing and quoting *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009). But there is no manifest injustice "when a litigant merely disagrees with the court." *In re Manbodh*, 69 V.I. at 427-428 (citing and quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 45 V.I. 553, 559 (D.V.I. 2004)); *accord In re Infant Sherman*, 49 V.I. at 457 ("A motion for reconsideration is not a second bite of the apple.").

Here, Defendant made the following arguments in support of his motion for reconsideration. First, Defendant claimed that, aside from the August 5, 2020 Order, he has not received any documents related to the sale of the property, or any notices regarding any further actions taken in this matter after filing of his answer and counterclaim against

¶ 16    However, as noted above, the August 5, 2020 Order was entered in response to Plaintiffs'

motion to enforce the May 17, 2020 Judgment, which Defendant never opposed. In their motion

to enforce, Plaintiffs advised the Court, inter alia, that "[a]n Offer to Purchase the property was

executed on February 19, 2020 and the property is now under contract for sale, however Defendant

is unwilling to execute the deed in order for the property to be sold," that "Defendant is unwilling

to execute the deed or otherwise cooperate in the sale," and that "Defendant's refusal to cooperate

in any way has made such a conveyance impossible and is in violation of this Court's Order and

Judgment." (Motion to Enforce, pp. 1-2) However, Defendant has now made it very clear that he

---

Defendant. (Motion, pp. 2-3, Exhibit 1) Thus, it appears that Defendant was arguing that the Court should reconsider the August 5, 2020 Order because Defendant did not receive any documents in this matter. However, Defendant, as the defendant and the counter-plaintiff in this matter, not only had a duty to defend against Plaintiffs' claim but also had a duty to prosecute his counterclaim. Plus, Defendant admitted in his Objection that he was in "receipt of a motion from Plaintiff's [sic] counsel on or about July 19, 2019 [sic]," yet Defendant failed to respond to Plaintiffs' motion to enforce or notify the Court that up to that point he has not received any documents in this matter. In short, Defendant had the opportunity to address the Court prior to the August 5, 2020 order and he chose not to. Second, Defendant claimed that Plaintiffs were aware that Attorney K. Glenda Cameron represented Defendant in connection with the sale of the Property, but Plaintiffs failed to notify Attorney K. Glenda Cameron regarding this case. (Motion, pp. 2-3, Exhibit 2) Thus, it appears that Defendant was arguing that the Court should reconsider the August 5, 2020 Order because Attorney K. Glenda Cameron was not served in this matter. However, until Attorney K. Glenda Cameron filed a notice of appearance on August 17, 2020, Defendant has always appeared pro se in this matter. As such, until Attorney K. Glenda Cameron appeared in this matter as Defendant's counsel, neither the Court nor Plaintiffs were required to serve any documents on Attorney K. Glenda Cameron, Defendant's counsel in the real estate transaction. Third, Defendant claimed that Plaintiffs have no evidence to support their allegation that Defendant failed to cooperate with the sale of the Property and that Defendant was in fact cooperative as shown by his continuous payment of the property tax for the Property. (Motion, pp. 4-5, Exhibit 3) Thus, it appears that Defendant was arguing that the Court should reconsider the August 5, 2020 Order—more specifically, the award of Plaintiffs' costs and attorney's fees for the filing of the motion to enforce—because Plaintiffs failed to prove that Defendant was uncooperative and that Defendant was in fact cooperative. However, as noted above, Defendant admitted in his Objection that he was in "receipt of a motion from Plaintiff's [sic] counsel on or about July 19, 2019 [sic]," yet Defendant failed to respond to Plaintiffs' motion to enforce. In short, Defendant had the opportunity to address the Court prior to the August 5, 2020 order and he chose not to. As noted above, "[g]enerally, '[a] motion for reconsideration is not a second bite of the apple.... [Instead, it serves] to focus the parties on the original pleadings as the 'main event' and to prevent parties from filing a second motion with the hindsight of the [C]ourt's analysis covering issues that should have been raised in the first set of motions.'"). *Smith*, 2018 V.I. LEXIS 13 at *15 (citing to *In re Infant Sherman*, 49 V.I. at 457). While Defendant was a pro se litigant and is "entitled to additional leniency, that leniency is not a license [excusing non-compliance] with relevant rules of procedural and substantive law." *Montgomery v. Virgin Grand Villas St. John Owners' Association*, 71 V.I. 1119, 1127-28 (V.I. 2019) (Internal quotation omitted). Thus, the Court finds that Defendant failed to demonstrate that there was manifest injustice in the August 5, 2020 Order.

will cooperate with the sale of the Property.[10] As such, if the Property has not sold and is not currently under contract for sale, then the Court will vacate the portion of the August 5, 2020 Order ordering that "the Plaintiffs, or either of them, may affix the Defendant's signature to the deed of sale and any other document pertaining to the sale of the subject property that requires Defendant's execution."

## CONCLUSION

¶ 17    Based on the foregoing, the Court will deny Defendant's motion for reconsideration and if, on the date of entry of this Memorandum Opinion and the accompanying Order, the Property has not been sold and is not currently under contract for sale, the Court will vacate the portion of the August 5, 2020 Order ordering that "the Plaintiffs, or either of them, may affix the Defendant's signature to the deed of sale and any other document pertaining to the sale of the subject property that requires Defendant's execution." However, if, on the date of entry of this Memorandum Opinion and the accompanying Order, the Property is sold or is currently under contract for sale, then the August 5, 2020 Order will remain as is. An Order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE and so ORDERED this _13th_ day of January 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

---

[10] In his motion, Defendant pointed out that "Defendant Roben Cipriani, assiduous payment of the property taxes, that would facilitate the sale of the property is not the action of an individual who is failing to cooperate on the sale of the property." (Motion, p. 5) In his Objections, Defendant also pointed out that he "has no objection to the sale of the property for a reasonable price." (Objections, p. 1)