IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
May 18, 2021
ST-2015-CV-00315
**TAMARA CHARLES
CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**
\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ANAMARIJA URH, | ) CASE NO. ST-2015-CV-00315 |
| | ) |
| Plaintiff, | ) ACTION FOR BREACH OF |
| vs. | ) CONTRACT, ANTICIPATORY |
| | ) REPUDIATION, BREACH OF |
| GERARD C. BUFFO, | ) GOOD FAITH AND FAIR |
| | ) DEALING, DEBT, UNJUST |
| | ) ENRICHMENT, CONVERSION, |
| Defendant. | ) DAMAGES AND PUNITIVE |
| | ) DAMAGES |
| JEAN ANN BUFFO and GERARD C. BUFFO, | ) |
| | ) |
| Counterclaim Plaintiffs, | ) |
| | ) JURY TRIAL DEMANDED |
| vs. | ) |
| | ) |
| WOLFGANG BOHRINGER and ANAMARIJA | ) |
| URH, | ) |
| | ) |
| Counterclaim Defendants. | ) |

Cite as: 2021 VI Super 51U

## MEMORANDUM OPINION AND ORDER

¶1      **THIS MATTER** comes before the Court on:

1.   Defendant/Counterclaim Plaintiffs' Defendants' Motion For Reconsideration, filed March 6, 2018;

2.   Plaintiff/Counterclaim Defendants' Motion To File Opposition To Defendants' Motion For Reconsideration Out Of Time, filed April 17, 2018;

3.   Plaintiff/Counterclaim Defendants' Opposition To Defendants' Motion For Reconsideration ("Opposition"), filed April 17, 2018; and

4.   Defendant/Counterclaim Plaintiffs' Defendants' Reply In Support Of Their Motion For Reconsideration, filed April 30, 2018.

I.     **INTRODUCTION**

¶2      Plaintiff/Counterclaim Defendants Wolfgang Bohringer and Anamarija Urh ("Plaintiffs"), filed suit on July 6, 2015. Defendant/Counterclaim Plaintiffs Jean Ann Buffo and Gerard C. Buffo[1] ( sometimes collectively referred to as "Defendants") responded with an Answer which included counterclaims on August 10, 2015. On July 15, 2016, Defendants moved for summary judgment. In a Memorandum Opinion and Order dated February 20, 2018, the Court reserved ruling on Defendants' Motion for Summary Judgment as multiple material facts remained in dispute.

¶3      Defendants filed their Motion For Reconsideration on March 6, 2018, and Plaintiffs filed their Opposition To Defendants' Motion For Reconsideration as well as their Motion To File Opposition To Defendants' Motion For Reconsideration Out Of Time on April 17, 2018. Defendants' Reply In Support Of Their Motion For Reconsideration was filed on April 30, 2018. Counsel for Plaintiffs avers that he received the Motion for Reconsideration on March 10, 2018.[2] Counsel for Plaintiffs further states that in the interim he was occupied with medical procedures and the burial of his mother-in-law.[3] The Court further notes that Plaintiffs' counsel filed his Opposition two weeks after the required filing date of April 3, 2018. Considering the circumstances, the Court finds there was excusable neglect and will permit Plaintiffs' counsel's Opposition.[4]

¶4      This matter involves a dispute over two contracts for loans taken out by Gerard on behalf of Urh to buy two boats used by Anamarija Urh's charter boat and diving company. Both contracts were oral. The parties' recollection of the two oral contracts' terms is identical, mostly, but there are also disagreements over key terms. Because there is no written contract between Urh and Gerard, the Court must extrapolate the loan agreements' terms from what is available in the record. One of the points of contention is the involvement of Urh's husband, Wolfgang Bohringer. Jean Ann Buffo and Gerard Buffo contend that Bohringer was a jointly and severally liable party to both contracts while Urh and Bohringer assert that only Urh borrowed money from Gerard Buffo.

¶5      Defendants argue that pursuant to Virgin Islands Rules of Civil Procedure 6-4 and 60(a) the Court should reconsider its February 20, 2018 Memorandum Opinion and Order reserving ruling on Defendants' Motion for Summary Judgment.[5] Defendants argue that: (1) Urh

---

[1] To avoid confusion, the Buffos will be referred to by their first names.

[2] Pls.' Mot. To File Opp'n To Defs.' Mot. For Recons. Out Of Time 2.

[3] Pls.' Mot. To File Opp'n To Defs.' Mot. For Recons. Out Of Time 2.

[4] V.I. R. CIV. P. 6(b)(1) ("When an act is required or allowed to be done by or within a specified period, the court may upon a showing of good cause or excusable neglect, extend the date for doing that act."). Further, Defendants did not object. Defs.' Reply In Supp. Mot. For. Recons. fn. 1.

[5] V.I. R. CIV. P. 6-4(b) ("A motion to reconsider must be based on: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling."); V.I. R. CIV. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part

breached the *Aquamarine* contract resulting in $15,429.60 worth of damages; (2) the Court committed clear legal error in failing to grant summary judgment based on Gerard's affidavit; (3) the Court was mistaken in its finding that Buffo failed to make loan payments for *Summer Wind*; (4) the loan was in default: (5) *Summer Wind* was subject to the threat of foreclosure proceedings and that because of this, the Court committed legal error in holding that Defendants breached the implied covenant of good faith and fair dealing; (6) the Defendants are entitled to summary judgment finding that Urh repudiated the *Summer Wind* agreement; and (7) the Court must grant Defendants summary judgment awarding undisputed monetary damages. The Court addresses each contention below.

## II.  LEGAL STANDARD

**¶6**      A motion to reconsider may be based on the need to correct a clear error of law.[6] Further, the Court may correct a mistake arising from oversight or omission in a judgment or order.[7] Motions for reconsideration must be filed within fourteen (14) days after the entry of a ruling.[8] "A motion for reconsideration is not to be used as a means to argue matters already argued and disposed of, nor is it an opportunity to request that the Court simply rethink a decision it has already made."[9] "Past Virgin Islands courts have interpreted this as a need 'to correct clear error or manifest injustice or both.'"[10] The error may be factual or legal.[11]

## III.  ANALYSIS

**¶7**      Summary judgment was entered on February 20, 2018, and Defendants filed their Motion For Reconsideration on March 6, 2018. Thus, Defendants' motion is timely. Defendants raise "clear error of law" as the reason for their Motion for Reconsideration.[12]

---

of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the Supreme Court of the Virgin Islands and while it is pending, such a mistake may be corrected only with leave from that Court.").

[6] V.I. R. CIV. P. 6-4(b)(3).

[7] V.I. R. CIV. P. 60(a).

[8] V.I. R. CIV. P. 6-4(a) ("Except as provided in Rules 59 and 60 relating to final orders or judgments, a party may file a motion asking the court to reconsider its order or decision within 14 days after the entry of the ruling, unless the time is extended by the court. Extensions will only be granted for good cause shown.").

[9] *Newman v. Nachwalter*, Super. Ct. Case No. ST-13-SM-312, __ V.I. __, 2014 V.I. LEXIS 32, at *3 (V.I. Super. Ct. June 3, 2014) (citing *Valerino v. Holder*, Civil No. 10-0123, 2011 U.S. Dist. LEXIS 100148, at *2 (D.V.I. Sept. 6, 2011)).

[10] *Daybreak, Inc. v. Friedberg*, Super. Ct. Case No. ST-10-CV-716, __ V.I. __, 2018 V.I. LEXIS 84, at *5 (V.I. Super. Ct. Aug. 21, 2018) (citing *Smith v. Law Offices of Karin A. Bentz, P.C.*, Super. Ct. Case No. ST-17-CV-116, __ V.I. __, 2018 V.I. LEXIS 13, at *15 (V.I. Super. Ct. Jan. 29, 2018)).

[11] *Smith v. Law Offices of Karin A. Bentz, P.C.*, Super. Ct. Case No. ST-17-CV-116, __ V.I. __, 2018 V.I. LEXIS 13, at *16 (V.I. Super. Ct. Jan. 29, 2018).

[12] Defs.' Mot. For Recons. 1 ("[P]ursuant to V.I. R. CIV. P. 6-4(3) . . .").

### A. Whether there is a clear error of law or mistake as to whether Urh breached the *Aquamarine* contract

¶8 Defendants contend that they are entitled to summary judgment against Urh as to the breach of the *Aquamarine* contract. As the Court stated in its February 20, 2018 Memorandum Opinion and Order, Defendants represented that the parties agreed that Defendants could place a lien on the *Aquamarine* while Plaintiffs contest this alleged contract provision.[13] The Court further stated that there is a material dispute as to whether Wolfgang Bohringer was involved in the *Aquamarine* contract.[14] Defendants concede this point while arguing that "there is no fact issue remaining that Urh breached the loan contract."[15] However, the Court's original reasoning still stands, and it needs to know against whom summary judgment should be awarded. There is no clear legal error, or mistake or omission here – just prudence. The Court will continue to reserve ruling on the *Aquamarine* contract breach until it is clear against whom the Court must rule.

### B. Whether there is a clear error of law or mistake for not granting summary judgment based on Dr. Gerard Buffo's affidavit

¶9 Defendants next argue that the Court committed clear legal error in not accepting Buffo's affidavit as not meeting the requirements of V.I. R. CIV. P. 56(e)(4).[16] Defendants state that "[i]n this instance, to defeat summary judgment, Urh was required to produce admissible evidence demonstrating that Dr. Buffo's factual statements regarding abandonment and his subsequent sale of the vessel, and payoff of his underlying loan, are in dispute."[17]

¶10 However, citing *Burd v. Antilles Yachting Servs., Inc.*[18] the Court stated: "The only evidence Buffo presents as to the timeline of *Summer Wind*'s sale is his own affidavit. While the V.I. Supreme Court has held that a single, non-conclusory affidavit, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment, it has not held that it is enough to win summary judgment."[19] In its ruling, the Court stated that Plaintiffs had claimed that Defendants put the *Summer Wind* up for sale after they demanded to be added to the title, while Defendants state they sold the boat only after Plaintiffs had abandoned it.[20] It is not the case that the Court rejected Buffo's affidavit, the Court simply did

---

[13] Gerard Buffo and Jean Ann Buffo's Counterclaim/Crossclaim Complaint Against Anamarija Urh and Wolfgang Bohringer ¶ 16; Counterclaim Def. Anamarija Urh's Answer ¶ 16.

[14] Feb. 20, 2018 Mem. Op. and Order 7 ("When entering summary judgment, the Court needs to know not only for whom it should enter summary judgment but also against whom it should enter summary judgment. Therefore, it would be imprudent for the Court to issue comprehensive summary judgment while this key contract term is in dispute.").

[15] Defs.' Mot. For Recons. 2.

[16] V.I. R. CIV. P. 56(e)(4) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . issue any other appropriate order.").

[17] Defs.' Reply In Supp. Mot. For. Recons. 4.

[18] 57 V.I. 354 (V.I. 2012).

[19] Feb. 20, 2018 Mem. Op. and Order 13.

[20] Feb. 20, 2018 Mem. Op. and Order 13.

not rule in favor of Defendants based solely on their affidavit. Finding a genuine issue as to material fact, the Court reserved ruling.

¶11    The record being unclear as to whether Defendants were permitted to sell the *Summer Wind*, the Court exercised caution in reserving ruling on this issue. Virgin Islands Rule of Civil Procedure 56(e)(4) states: "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . issue any other appropriate order."[21] Rule 56(c)(2)(B) states:

> A party opposing entry of summary judgment must address in a separate section of the opposition memorandum each of the facts upon which the movant has relied pursuant to subpart (c)(1) of this Rule, using the corresponding serial numbering, either: (i) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (ii) stating that the fact is disputed and providing affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon as evidence relating to each such material fact, by number.[22]

¶12    In their Opposition To Defendant's Motion For Summary Judgment, Plaintiffs do not raise whether there is a dispute over Defendants' ability to sell the boat in their Statement Of Disputed Facts section.[23] However, in their Argument section, Plaintiffs state: "Upon Urh's demand to protect her interest in the vessel in May 2015, Buffo immediately put the vessel up for sale in contravention to the parties' agreement and stopped all communication with Urh."[24] Plaintiffs cite to emails and depositions in support of this statement.[25] Thus, there was some evidence to the contrary of Buffo's affidavit. While Defendants assert that "no one offered another recollection of facts," that is not the case.[26] Virgin Islands Rule of Civil Procedure 56(c)(2)(C) states in relevant part: "The party shall supply affidavit(s) *or citations* specifically identifying the location(s) of the material(s) in the record[.]"[27]

¶13    Defendants allege it is undisputed that they only sold the boat "<u>after</u> Urh and Bohringer had abandoned the vessel and refused to make further payments" and cited to a May 18, 2015 email by Plaintiffs.[28] However, that email states that Plaintiffs were attempting to "try one last time to reach the [sic] agreement before we take legal actions" and indicates that they "[w]ill continue paying the agreed amounts to the boat account we set up . . . till we reach an

---

[21] V.I. R. Civ. P. 56(e)(4).

[22] V.I. R. Civ. P. 56(c)(2)(B).

[23] Pls.' Opp'n To Def.'s Mot. For Summ. J. 4-5.

[24] Pls.' Opp'n To Def.'s Mot. For Summ. J. 9, fn. 9.

[25] Pls.' Opp'n To Def.'s Mot. For Summ. J. 9, fn. 9.; *see, e.g.*, April 11, 2016 Dep. Of Anamrija Urh 96 ll. 2-4 ("So, it appears that someone is trying to take advantage and my problem was also having eight percent interest and that the boat was up for sale five days later.").

[26] Defs.' Mot. For Recons. 3.

[27] V.I. R. Civ. P. 56(c)(2)(C) (emphasis added).

[28] Defs.' Mot. For Recons. 12-13.

agreement."[29] This is hardly the clear cut repudiation of contract and abandonment of the vessel which Defendants allege. A reasonable trier of fact could conclude that Plaintiffs were merely doing just what the email indicates, attempting to negotiate an agreement while making payments to an independent account in order to financially protect themselves. Plaintiffs further aver that Defendants had ceased to communicate with them "despite numerous email communications" sent to Buffo.[30] Plaintiffs did not take the threatened legal action until a month and a half after this email.[31] It is possible that as Plaintiffs awaited a response, Defendants attempted to sell the boat "out from under them". Thus, the timing of Plaintiffs' alleged abandonment and whether Defendants took possession before or after the abandonment is still in dispute.

¶14    As stated in *Aviation Associates, Inc. v. Virgin Islands Port Authority*,[32] "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."[33] The Court was justified in inferring that there is a dispute over whether Defendants were permitted to sell the boat or not. While Plaintiffs did not properly present this dispute in their Opposition as required by the formatting requirements of Rule 56(c), Rule 56(e)(4) grants the Court the power to issue any other appropriate order when Rule 56(c) has not been followed. There appearing to be a genuine dispute over a material fact, the Court finds that it was not a clear error of law to not grant Defendants summary judgment on this matter.

### C. Whether there was a clear error as to the *Summer Wind* payments being in default

¶15    Defendants argue that "[t]he Court erroneously opined that the Buffos anticipatorily repudiated the agreement for *Summer Wind* by breaching the implied covenant of good faith and fair dealing."[34] Defendants further argue that the Court mistakenly stated that "the Buffos allowed their loan with SGB Finance to go into default."[35] The Court recognized that Defendants did not pay to SGB Finance the total amount of monies Plaintiffs gave to Defendants, and that "the Marine Note and Security Agreement provides SGB Finance with the right to take possession of *Summer Wind* and sell it to amortize the loan as a remedy for default."[36] The Court further stated that "by not keeping up with the monthly payments, Buffo put the loan in default and risked SGB Finance foreclosing on *Summer Wind*."[37]

¶16    To the extent that there was a risk of foreclosure, the Court was correct as evidenced by the Marine Note and Security Agreement – foreclosure was a possible remedy for SGB

---

[29] Defs.' Reply In Supp. Mot. For. Recons. Ex. 16.
[30] Pls.' Compl. 5-6.
[31] Pls.' Compl.
[32] 26 V.I. 24 (Terr. Ct. 1990).
[33] *Id.* at 32 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).
[34] Defs.' Reply In Supp. Mot. For. Recons. 4.
[35] Defs.' Reply In Supp. Mot. For. Recons. 4.
[36] Feb. 20, 2018 Mem. Op. and Order 11-12.
[37] Id. at 12.

Finance to exercise and thus foreclosure proceedings were a risk. However, Defendants are correct that while there is evidence that Defendants did not pay every penny to SGB Finance, there is also no evidence provided beyond the pleading in the Complaint that the loan was ever *actually* in default.[38] While there is an inference that if Defendants were keeping monies paid to them and not paying SGB Finance, it is possible Defendants were overpaid by Plaintiffs or that Defendants paid to SGB Finance the bare minimum required by the Security Agreement. To the extent that the Court opined that the loan *was* in default, the Court erred and recognizes that there is no evidence one way or the other as to this claim.

### D. Whether there was a clear error as to the purported repudiation of the *Summer Wind* agreement

¶17   Defendants argue that the Court improperly concluded that Defendants had repudiated the agreement "based on the mistaken fact that the SGB loan was not timely paid."[39] Defendants further argue that "Urh did not move for summary judgment against the Buffos based upon her unsupported allegation of good faith and fair dealing . . . if Urh had made such a motion, the Buffos would have had an opportunity to brief the issue and provide evidence to rebut Urh's contentions."[40] Plaintiffs state that "[t]here were facts established from the pleadings and discovery, that Gerard Buffo did not make certain advance payments to the lender SGB Finance[.]"[41] The Court's ruling that Buffo violated the implied covenant of good faith hinged on Defendants "put[ting] the loan in default and risk[ing] SGB Finance foreclosing on *Summer Wind*."[42]

¶18   It is not clear whether these advance payments going to SGB Finance were an essential term to the *Summer Wind* contract. [43] However, as stated above, just because those advance payments were not made to SGB Finance does not mean no payments were made or that the loan itself was put into default. Since there is not yet evidence before the Court that the *Summer Wind* loan was in default and therefore in risk of foreclosure due to nonpayment, and there being a dispute over whether the full payment of these "advance funds" to SGB Finance constituted an essential term of the agreement on which a reasonable trier of fact could reach a conclusion either way, summary judgment on this issue is improper. Therefore, the Court will reverse its ruling that Buffo violated the implied covenant of good faith and repudiated the agreement.

---

[38] Pls.' Compl. 6 ("That Defendant has never made any payments towards the purchase of the Yacht.").
[39] Defs.' Mot. For. Recons. 9.
[40] Defs.' Mot. For. Recons. 9.
[41] Pls.' Opp'n To Defs.' Mot. For Recons. 5.
[42] Feb. 20, 2018 Mem. Op. and Order 12.
[43] Feb. 20, 2018 Mem. Op. and Order 11 (citing Pls.' Opp'n To Defs.' Mot. Summ. J. 8) ("Urh contends that Buffo acted in contradiction to the *Summer Wind* Agreement by not forwarding funds she paid Buffo to SGB Finance.").

### E. Whether there was a clear error in not awarding summary judgment on the alleged breach of the *Summer Wind* contract and in not awarding Defendants' monetary damages

¶19    Defendants argue that they are entitled to summary judgment finding that Urh repudiated the agreement for *Summer Wind* and an award of monetary damages.[44] As with the *Aquamarine* contract, the Court indicated it is in dispute whether Wolfgang Bohringer was a party to the agreement.[45] The Court did not award damages to Defendants for expenses associated with taking possession of and selling the *Summer Wind* because "Buffo only provide[d] his affidavit to substantiate these damages."[46] As stated above, the Court must know which parties it must enter judgment against. This reason alone makes the award of summary judgment premature. The Court must rule against a party before awarding payment from that party. Thus, there is no clear error here.

¶20    As stated above, the Court recognizes the error in determining that Defendants had violated the implied covenant of good faith and fair dealing by placing the loan for the boat in default. Defendants admitted to not paying over all the monies Plaintiffs gave Defendants to SGB Finance.[47] The Court should make justifiable inferences in favor of the nonmoving party.[48] The Court notes that Defendants' refutation is based on the lack of discovery or production of evidence by Plaintiffs, not an affirmative showing by Defendants that they did not miss payments.[49] Thus, it is another justifiable inference that the issue of whether Defendants defaulted on the loan by not paying monies provided by Plaintiffs and potentially violating the implied covenant of good faith and fair dealing is still in dispute.[50]

¶21    Lastly, the Court in its February 20, 2018 Memorandum Opinion and Order also found there was a genuine dispute over other material facts: when Plaintiffs had abandoned the

---

[44] Defs.' Mot For Recons. 11-13.

[45] Feb. 20, 2018 Mem. Op. and Order 14.

[46] Feb. 20, 2018 Mem. Op. and Order 13.

[47] Defs.' Reply In Supp. Mot. For Recons. 5 ("Regarding Urh's statement that the Buffos did not pay every penny that Urh gave them to the Buffos' lender, the Court and the Buffos <u>agree</u> with that statement of fact[.]").

[48] *Aviation Associates, Inc. v. Virgin Islands Port Authority*, 26 V.I. 24, 32 (Terr. Ct. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

[49] *See* Defs.' Mot. For Recons. 6-10 ("There are simply no facts in this record"); ("[T]here is no evidence in the record that the Buffos ever defaulted on their loan obligation …or that they ever missed a payment on the loan.") ("Urh is unable to produce admissible evidence – which she had ample time to muster through discovery – demonstrating that the Buffos had missed making any loan payments or allowed the loan to go into default such that *Summer Wind* was threatened with foreclosure.") ("[E]ven if the Buffos had failed to make payments on the *Summer Wind* loan and the loan had gone into default (and there is no evidence that this actually occurred)[.]"); *see also* Defs.' Reply In Supp. Mot For Recons. 5-6 fn. 2 ("Even if Urh stated [that Buffo missed a payment], it would be bald hearsay unsupported by foundational knowledge because she was never a party to the loan agreement and has never requested any discovery regarding the loan transaction upon which any characterization of it could be factually based.").

[50] Defendants assert that "the Buffos would have had an opportunity to rebut [the allegation that the loan was in default] with affirmative evidence that the loan never went into default." Defs.' Mot. For Recons. 7. However, there is no such evidence before the Court. Thus, just as the Court cannot state the loan *was* in default, the Court cannot state the loan was never or was not in default.

*Summer Wind*; whether Defendants had taken possession before or after the repudiation; and what were Defendants' damages as a result of taking control of the *Summer Wind*.[51] These facts remain in dispute. This further cautions against a premature award of summary judgment. There is no clear error, mistake, or omission in not awarding summary judgment or monetary damages here.

## IV.    CONCLUSION

¶22    On February 20, 2018, the Court issued a Memorandum Opinion and Order reserving ruling on Defendants' Motion for Summary Judgment as multiple material facts remain in dispute. Defendants timely filed a Motion For Reconsideration on March 6, 2018. Plaintiffs filed their untimely Opposition on April 17, 2018 due to excusable neglect, and the Court will grant Plaintiffs' Motion To File Opposition To Defendants' Motion For Reconsideration Out Of Time.

¶23    Defendants assert that pursuant to V.I. R. CIV. P. 6-4 and 60(a), the Court must correct what Defendants argue are several clear errors of law. The first argument is that the Court was incorrect in not awarding summary judgment as to whether Plaintiffs breached the *Aquamarine* contract. The Court in its February 20, 2018 Memorandum Opinion and Order did not award summary judgment because there was still a material issue as to whether Wolfgang Bohringer was a party to that agreement and the Court must know against whom it is to award judgment. This reasoning still stands.

¶24    Defendants argue that there was clear legal error in the Court disregarding Gerard Buffo's affidavit as well as the timeline presented therein. However, the Court did not reject it. The Court did not award summary judgment based solely on the affidavit, as there appeared in the record a dispute over whether Defendants were permitted to sell the *Summer Wind* and Gerard Buffo's single self-serving affidavit did not meet the burden of proving there was no dispute over this, particularly since Plaintiffs *did* dispute material facts in the Argument section of their Opposition To Defendants' Motion For Summary Judgment and provided citation to exhibits therein. While Plaintiffs did not properly raise this dispute in accordance with V.I. R. CIV. P. 56(c), V.I. R. CIV. P. 56(e) grants the Court discretion in issuing an appropriate order in such circumstances and reserving ruling on a disputed material fact was such an appropriate order.

¶25    Defendants third argument is that there was clear error when the Court found that Defendants had repudiated the *Summer Wind* agreement by breaching the implied covenant of good faith and fair dealing by not making payments to SGB Finance and putting the boat in risk of default. On reconsideration, there is no evidence, one way or the other, that the loan was ever in default. This appears to be based on the mistaken inference that if Defendants were

---

[51] Feb. 20, 2018 Mem. Op. and Order 14.

withholding monies paid to them, they were not paying SGB Finance, as well as Plaintiffs' assertion in their Complaint. In this regard, the Court will reverse its prior ruling.

¶26    Lastly, Defendants argue that the Court committed clear error in not awarding summary judgment on the *Summer Wind* contract and in not entering an order for the monetary damages. As with the *Aquamarine* contract, there is an issue of material fact as to whether Wolfgang Bohringer was also a party to this agreement as well as several other disputed issues such as whether Plaintiffs abandoned the boat, and, if so, whether this occurred before or after Defendants took possession, and what damages the Defendants incurred in taking possession of the boat. The Court left these issues to be decided at trial. It is not clear error to reserve ruling and allow a trier of fact to determine these issues.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion To File Opposition To Defendants' Motion For Reconsideration Out Of Time, filed April 17, 2018, is **GRANTED**; and it is further

**ORDERED** that, insofar as Defendants' Motion For Reconsideration, filed March 6, 2018, requests the Court to recognize that there is no evidence the loan was in default and that the Court reverse its ruling that Defendants breached the implied covenant of good faith and fair dealing, the Motion is **GRANTED**; and it is further

**ORDERED** that, insofar as the Court's February 20, 2018 Memorandum Opinion and Order found Defendants to have breached the implied covenant of good faith and fair dealing, that ruling is **REVERSED**; and it is further

**ORDERED** that, insofar as Defendants' Motion For Reconsideration, filed March 6, 2018, requests any other relief based on a finding of clear error or mistake or omission pursuant to V.I. R. CIV. P. 6-4(3) & 60(a), the Motion is **DENIED**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to Attorney Stylish Willis; Attorney Charles S. Russell, Jr.; Attorney Kanaan L. Wilhite; and to Plaintiff/Counterclaim Defendants Anamarija Urh and Wolfgang Bohringer.

DATED: May 18, 2021

**DENISE M. FRANCOIS**
Judge of the Superior Court
of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA A. CAMACHO**
Court Clerk Supervisor    5 / 18 / 2021