IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
November 16, 2021 05:30 PM
SX-2021-MC-00056
TAMARA CHARLES
CLERK OF THE COURT



## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

**IN RE: Asbestos, Silica and Catalyst Dust Claims III.**

**Master Case No. SX-2021-MC-056**
**(Complex Litigation Division)**

**Re: SX-2021-CV-132, -133, -136, -156, -164, -168, -352, -358**

**Cite as: 2021 VI Super 112P**

**Appearances:**
**J. Russel B. Pate, Esq.**
The Pate Law Firm
St. Thomas, USVI   00804
*For Plaintiffs*

**Korey A. Nelson, Esq.**
Burns Charest LLP
New Orleans, LA   70130
*For Plaintiffs*

**Warren T. Burns, Esq.**
Burns Chares LLP
Dallas, Texas   75201
*For Plaintiffs*

**Carl A. Beckstedt III, Esq.,**
Beckstedt & Kuczynski LLP
St. Croix, USVI   008204
*For Defendants Hess Corporation and Hess Oil New York Corporation*

**Joseph T. Hanlon, Esq. and Carolyn F. O'Connor, Esq.**
Wilson Elser Moskowitz Edelman and Dicker, LLP
Florham Park, NJ   07932-0668
*For Defendants Hess Corporation and Hess Oil New York Corporation*

**Ryan Stutzman, Esq.**
CSA Associates, P.A.
St. Croix, USVI   00820
*For Defendant Virgin Islands Industrial Maintenance Corporation*

## MEMORANDUM OPINION
### (Filed November 16, 2021)

**Andrews, Jr.,** *Judge*

## INTRODUCTION

¶1     Plaintiffs, all over 70 years of age, bring this action for damages against defendant oil refinery companies. They allege their spouses transported toxic substances home on their clothing which Defendants negligently exposed them to during their employment. Plaintiffs claim they inhaled the substances and suffered injuries as a result. Based upon their senior status, Plaintiffs move to expedite their trial date by invoking the provisions of a newly enacted Virgin Islands law, that is, Act No. 8468. Defendants assert that the new law violates the separation of powers doctrine and should not be applied to complex cases. For the reasons mentioned below, this Court concludes the preference requested by Plaintiffs (a trial date beyond 180 days after filing) is not permissible by the Act. The Court will thus deny the motion.

## FACTUAL BACKGROUND

¶2     Plaintiffs Julianna Evans, Virginia N. St. Rose, Winifred President, Rosetta V. Lawrence, Audrey J. Gustave, Claudette King, Catherine Phillip, and Marie Auguste, all over the age of 70, commenced the above-referenced complex

civil actions in March and April 2021.[1]  They seek damages for injuries allegedly suffered as a result of their exposure to asbestos, silica, and catalyst dust transported home by their spouses.   Defendants, they allege, negligently exposed their spouses to these substances while employed at Hess Oil Refinery between 1968 and 2012. See Complaints (SX-2021-CV-132, Mar. 3, 2021), (SX-2021-CV-133, Mar. 2, 2021) (SX-2021-CV-136, Mar. 4, 2021), (SX-2021-CV-156, Mar. 16, 2021), (SX-2021-CV-164, Mar. 18, 2021), (SX-2021-CV-168, Mar. 19, 2021), (SX-2021-CV-352, Apr. 9, 2021), (SX-2021-CV-358, Apr. 8., 2021).  On August 16, 2021, the Governor of the Virgin Islands signed Bill No. 34-0076 into law which later became Act No. 8468, codified at 5 V.I. § 31(b).  On September 17, 2021, Plaintiffs filed the instant Motion for Expedited Trial Setting pursuant to the new law.  Each of them assert they are over 70 years of age (73, 74, 77 and 79). Motion for Expedited Trial, p 1.  On October 15, 2021, Defendants filed an opposition to Plaintiffs' motion.  On October 19, 2021, Plaintiffs filed a reply to Defendants' opposition and attached a case management schedule containing proposed deadlines. CMS No. 16.

## LEGAL ANALYSIS

¶3    Plaintiffs seek a preferential trial setting based on the senior status

---

1 Plaintiffs' cases are grouped under the instant master case (SX-2021-MC-00057).  A total of 29 similar cases are grouped thereunder, 8 of which involve the instant plaintiffs.

provision of Act No. 8468.   They assert the Act mandates this Court to grant their motion and to set a preferential trial date.   Defendants argue the statute is procedural in nature and violates the separation of powers doctrine. Opp. p 2. Plaintiffs reply: Defendants' constitutional challenge is void for failure to notify the Attorney General of the Virgin Islands of the challenge; and Plaintiffs do not seek a trial date within the strict limits of the new law but rather requests an expedited scheduling order. Omnibus Reply, p 2.[2] As explained below, Plaintiffs' use of the Act is improper.   Hence, the Court declines to apply it and need not reach the constitutional issue raised by Defendants.

1) <u>The Provisions of Act 8468 are Mandatory</u>.

¶4     Plaintiffs' motion is grounded on Act 8468.   This new law provides in pertinent part as follows:

(b) Motion for preference; elderly; medical reasons; time of trial

    (1)    A party to a civil action who is over 70 years of age or older may petition the court for a preference, which <u>the court shall grant if it finds that the party has a substantial interest in the action as a whole</u>.

    . . .

    (4)    Upon the granting of a such a motion for preference for an elderly party, <u>the court shall set the matter for trial not more than 180 days from the date that the elderly party moves for preference</u>.   There shall be no continuance beyond 180 days from granting the

---

2 The Court notes that Defendants have since filed the requisite notice to the Attorney General of the Virgin Islands pursuant to V.I. R. CIV. P. 5.1. CMS No. 15.

> motion for preference except for physical disability of a party or party's attorney, or upon a showing of good cause stated in the record.   Any continuance shall be for no more than 30 days and no more than one continuance for physical disability may be granted to any party.

5 V.I.C §§ 31(b)(1), b(4) (emphasis supplied); Act No. 8468, Aug. 16, 2021.   In analyzing the provisions of Act 8468, the Court reads words and phrases within their context and construes them "according to the common and approved usage of the English language." 1 V.I.C. § 42.   Statutory interpretation commences "with the plain language of the statute.   If the language is clear and unambiguous, there is no need to resort to any other rule or statutory construction." Shoy v. People, 55 V.I. 919, 926 (V.I. 2011).   Thus courts proceed under the "assumption that the legislature's intent is manifested through the ordinary meaning of the words chosen." Sonson v. People, 59 V.I. 590, 598 (V.I. 2013).

¶5     Here, the statute in question provides that the court "shall grant" the motion upon a finding that the party has a substantial interest in the action as a whole. 5 V.I.C. § 31(b)(1).   It also provides that upon granting the motion "the court shall set the matter for trial not more than 180 days from the date that the elderly party moves for preference." 5 V.I.C. § 31(b)(4).   The language "shall" in the context of the statute is clear and unambiguous.   Such term "normally serves to create an obligation impervious to judicial discretion." Lexecon Inc. v. Milberg

Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35 (1998); Coral Mgmt. Group, LLC

v. Gov't of the U.S.V.I., 66 V.I. 552, 560 (V.I.   2017), quoting Shoy v. People, 55

V.I. 919, 927 (V.I. 2011).   The legislative intent here is quite manifest.   The Court

considers that the Legislature chose the contrasting auxiliary verb "may" in other

parts of the statute.   For example, the statute also provides in part:

> In its discretion, the court may also grant a motion for preference
> that is accompanied by clear and convincing medical
> documentation that concludes that the movant, who is a party,
> suffers from an illness or condition raising substantial medical
> doubt of survival of that party beyond six months.

5 V.I.C § 31(b)(3) (emphasis supplied).   The Legislature placed this provision

(which grants a preference to the terminally ill), within the court's discretion by use

of the term "may."   It is thus quite aware of the differing imports between the terms

"shall" and "may."   Since the language chosen is plainly mandatory, this Court is

bound to enforce it.   Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252,

130 S. Ct. 2149 (2010) ("We must enforce plain and unambiguous statutory

language according to its terms.")

¶6   Two jurisdictions with similar statutes have drawn the same

conclusion.   In Rice v. Super. Ct., 136 Cal. App. 3d 81 (1982), the California

appeals court construed a statute which provided that:

> A civil case shall be entitled to preference upon motion of any party
> to such action who has reached the age of 70 years unless the

court finds that the party does not have a substantial interest in the
case as a whole.

Code Civ. Proc., § 36, subd. (a) [pre-1990 Amendment].   The statute required the court to set trial within 120 days of granting the motion.   The Rice court concluded that the language of the statute was intended to be mandatory irrespective of the circumstances leading to the motion for preference. Id. at 84.   It reasoned that the word "shall" is ordinarily used to express what is mandatory. Id. at 86.   Similarly, in Cruz v Integrated Health Admin. Serv., Inc. 53 N.Y.S. 3d 497, 498 (Sup. Ct. N.Y. 2017), the New York court interpreted the following statute which provided in pertinent part:

> (a) Preferred Cases. Civil cases shall be tried in the order in
> which notes of issue have been filed, but the following shall
> be entitled to a preference:

> > 4. in any action upon the application of a party who has
> > reached the age of seventy years.

NY CLS CPLR R 3403.   In finding the provisions of the statute mandatory, the New York court stated, "given that the legislature's use of the imperative 'shall' is mandatory, not permissive, this court may not decide to grant or deny a trial preference by exercising its discretion." Cruz, 53 N.Y.S 3d at 498.   These cases serve as guidance in interpreting the similarly enacted Virgin Islands statute. Ottley v. Est. of Bell, 61 V.I. 480, 494 n 10 (V.I. 2014) (stating, "when statutes from other jurisdictions are substantially similar to a Virgin Islands statute, this Court may look

for guidance at how that jurisdiction's courts have interpreted the similar statute.").

Accordingly, this Court finds that the provisions of Act 8468 are mandatory.

### 2) Plaintiff's Use of Act No. 8468 is Improper.

¶7    Plaintiffs would be the sole beneficiaries of any money damages awarded pursuant to their complaint. See Complaints, p 14.   They thus have a substantial interest in the outcome of the action.   Such interest coupled with their age would require the setting of a trial date, under the Act, of no later than 180 days from the filing of Plaintiffs' motion.   That deadline would be March 16, 2022. See 5 V.I.C. § 31(b)(4).   Plaintiffs however do not seek this statutory trial deadline.

¶8    In support of their motion for expedited trial setting, Plaintiffs referenced Act No. 8468 and highlighted certain provisions therein.   They emphasized language that: 1) mandates the grant of a trial preference upon a finding that a party is over 70 years of age and has a substantial interest in the action as a whole; and 2) mandates the setting of a trial not more than 180 days from the date the motion for trial preference is filed. Mot. for Expedited Trial, p 1. However, in their reply Plaintiffs clarified that they

> . . . did not ask for, nor met the ridged time restrictions of the new law. All plaintiffs are asking for is that this Court enter the proposed scheduling orders which expedite plaintiffs over the age of 70 and/or in mental and physical decline as lead-plaintiffs.

Reply, p 2 (emphasis supplied).   In fact, Plaintiffs requested a scheduling deadline

of July 22, 2022 to file dispositive motions. See Reply, Ex. A ¶ 10.   As a practical matter, that proposed deadline would yield a trial date no earlier than September 2022, some six months beyond the March 16, 2022 deadline mandated by  the Act.   Nothing in the Act permits the court to set a trial date beyond the 180-day deadline or it's 30-day continuance provision (i.e. April 16, 2022).   Thus Plaintiffs' use of the Act to achieve such a result is improper.

¶9     In sum, Plaintiffs seek application of the trial preference provision of the Act, but not the mandatory 180-day trial setting provision.   Despite their concession that the provisions of the Act are mandatory, they seek to elude the Act's 180-day trial deadline. See Motion for Expedited Trial Setting (stating "the word 'shall' is mandatory. It does not afford this Court discretion.").   They urge this Court to ignore the mandatory statutory trial deadline and set a scheduling order in accordance with their preference.   Plaintiffs seek a preferential trial date which they clearly can pursue without the new law.   The Act, however, is not a vehicle to transport Plaintiffs to their desired trial date.   Such use thereof constitutes an attempt to restrict and/or undermine this Court's discretion in determining case management orders in complex cases. See V.I.R. Civ. P. 93(c).   This Court will not condone such improper use of the Act.

## CONCLUSION

¶10   This Court concludes that the relief sought by Plaintiffs pursuant to

Act 8468, i.e., a trial date beyond that authorized by the Act, is illegal and

tantamount to re-writing the Act.   Accordingly, the Court will deny their motion

without prejudice for them to either seek a preferential trial date in compliance with

the Act, or on alternative grounds, should they so desire.   An order consistent

herewith will be entered contemporaneously.

ALPHONSO G. ANDREWS, JR.
Superior Court Judge

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

BY: _____
Court Clerk III