

**FILED**
January 14, 2022 05:23 PM
SX-2015-CV-00198
TAMARA CHARLES
CLERK OF THE COURT

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| IN RE: Refinery Workers Toxic Tort Litigation. | Master Case No. SX-2015-CV-198 (Complex Litigation Division) |
| | Re: SX-2006-CV-231,-221 |

Cite as: 2022 VI Super 4P

**Appearances:**
**Thomas Alkon, Esq.**
Law Offices of Thomas Alkon
PO Box 223032
Christiansted, V.I. 00822
*For Plaintiffs*

**Korey A. Nelson, Esq., Charles Jacob Gower, Esq. and Harry Rick Yelton, Esq.**
Burns Charest LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
*For Plaintiffs*

**J. Russell Pate, Esq.**
The Pate Law Firm
PO Box 890
St. Thomas, VI 00804
*For Plaintiffs*

**Warren T. Burns, Esq and Daniel T. Charest, Esq**
Burns Charest, LLP
900 Jackson Street, Ste. 500
Dallas, TX 75202
*For Plaintiffs*

**Jerry Hudson Evans, Esq.**
Richard, Patrick, Westbook, & Brickman LLC
PO Box 1007
Mt. Pleasant, SC 29465
*For Plaintiffs*

**Carl A. Beckstedt III, Esq.**
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, V.I. 00820
*For Defendants Hess Corporation and Hess Oil New York Corporation
(formerly Hess Oil Virgin Islands Corporation)*

**Carolyn F. O'Connor, Esq. and Joseph T. Hanlon, Esq.**
Wilson Elser Moskowitz Eldelman & Dicker LLP
200 Campus Drive
Florham Park, NJ 07932-0668
*For Defendants Hess Corporation and Hess Oil New York Corporation (formerly
Hess Oil Virgin Islands Corporation)*

**W. Mark Wilczynski, Esq.,**
Law Offices of W. Mark Wilxynski
P.O. Box 1150
St. Thomas, V.I. 00804-1150
*For Litwin Corporation*

**James L. Hymes, Esq**
Hymes and Zebedee
No. 10 Norre Gade
St. Thomas, V.I. 00804-150
*For Litwin Corporation*

## MEMORANDUM OPINION
### (Filed January 14, 2022)

**Andrews, Jr.,** *Judge*

### INTRODUCTION

¶1    Plaintiffs, each over 70 years of age, bring this action for damages against defendant oil refinery companies. They allege, during their employment, Defendants negligently exposed them to toxic substances which caused them to

suffer disease and illnesses. Based upon their senior status, Plaintiffs moved to expedite their trial date by invoking provisions of a newly enacted Virgin Islands law, that is, Act No. 8468 (the Act). Defendants respond the new law violates the separation of powers doctrine and should not be applied to complex cases. For the reasons mentioned below, this Court concludes the trial preference provision of the Act is mandatory and does not violate the separation of powers doctrine. The Court will thus grant Plaintiffs' request for a preferential trial setting.

## FACTUAL BACKGROUND

¶2     Plaintiffs, Kadar Mohansingh and James Hughes commenced the above-referenced civil actions on March 14, 2006 against Hess Corporation (Hess), Hess Oil Virgin Islands Corporation (HOVIC), Litwin Corporation, and Universal Oil Products.[1] They seek damages for injuries allegedly suffered as a result of their exposure to asbestos, silica, and catalyst dust while employed at Hess Oil Virgin

---

1 Plaintiffs' cases are grouped under the instant master case (SX-2015-MC-00198). A total of 10 active similar cases, including the instant plaintiffs, remain currently grouped thereunder. Pursuant to the parties stipulation, this Court dismissed plaintiffs' cases against defendant Universal Oil Products on December 4th and 8th, 2009. On April 26, 2020, this Court further dismissed plaintiff Hughes' case (2006-221) against Hess Corporation (Hess) and Hess Oil Virgin Islands Corporation (HOVIC). Consequently the instant motion for preferential trial setting by Mohansingh (2006-231) pertains only to defendants Hess, HOVIC and Litwin; and the motion by Hughes pertains only to defendant Litwin. The April 26, 2020 order also permitted Lynette Hughes to substitute as plaintiff for her deceased husband, James Hughes.

Islands Refinery. See Complaints (SX-2006-CV-231, Mar. 14, 2006 and SX-2006-CV-221, Mar. 14, 2006). On August 16, 2021, the Governor of the Virgin Islands signed Bill No. 34-0076 into law. It subsequently became Act No. 8468 (the Act) now codified at 5 V.I. § 31(b). On September 20 - 21, 2021, Plaintiffs Mohansingh and Lynette Hughes (personal representative of James Hughes) filed motions for preferential trial settings pursuant to the Act alleging they are over 70 years of age. Both submitted proof of their age in the form of Virgin Islands drivers' licenses. Defendants Hess and HOVIC filed an opposition to Mohansingh's motion on October 18, 2021, and Mohansingh replied on November 18, 2021. Litwin filed no response to the motion. On December 20, 2021, this Court held a hearing on both motions and took the matter under advisement.

## APPLICABLE LAW

¶3 The doctrine of separation of powers is implicitly incorporated into the law of the Virgin Islands Territory by virtue of the division of power amongst the legislative, executive, and judicial branches of government as provided in the Revised Organic Act of 1954. Gerace v. Bentley, 65 V.I. 289, 301 (V.I. 2016); Balboni v. Ranger Am. of the V.I., Inc., 70 V.I. 1048, 1084 (V.I. 2019) (stating Congress delegated certain powers to the Virgin Islands Government and "established a system of separation of powers within its branches."); Todmann v.

People of the V.I., 57 V.I. 540, 543 (V.I. 2012) ("The doctrine of separation of powers applies with respect to the coordinate branches of government in the Virgin Islands." citing Smith v. Magras, 124 F.3d 457, 465 (3d Cir. 1997)). The doctrine prohibits one branch of government from exercising powers of the other two. Bryan v. Fawkes, 61 V.I. 201, 212 (V.I. 2014). The Organic Act functions as a de facto constitution for the territory. Regarding the promulgation of procedural rules, it provides:

> The rules governing the practice and procedure of the courts established by local law and those prescribing the qualifications and duties of the judges and officers thereof, oaths and bonds, and the times and places of holding court shall be governed by local law or the rules promulgated by those courts.

48 U.S.C. § 1611(c). This provision vests the Virgin Islands Legislature and the Virgin Islands Judiciary with concurrent authority to promulgate rules of procedure. Gerace, 65 V.I. at 302; In Re Richards, 213 F.3d 773, 783-84 (3d Cir. 2000); Govt. of the V.I. v. Durant, 49 V.I. 366, 373 (V.I. 2008). However, it only permits the Legislature to establish substantive law. Bentley, 65 V.I. at 302; Durant, 49 V.I. at 373 (stating "The ROA authorizes the local courts to create only procedural rules, not substantive ones."). As such, any substantive law created by the Virgin Islands Supreme Court "must ultimately yield to the substantive statutes adopted by the Legislature." World Fresh Markets, LLC v. Palermo, 74 V.I. 455, 461 (V.I.

2021).   Conversely, any inconsistent or conflicting procedural rule adopted by the Supreme Court "will always prevail over any procedural statute enacted by the Legislature." Id.; see also Bentley, 65 V.I. at 303 ("conflicts between rules promulgated by the judiciary and rules promulgated by the Legislature are resolved in favor of the judiciary."). Nevertheless, such legislatively promulgated rules are given deference to the extent they are compatible with court rules. Id. (citing Hickson v. State, 316 Ark. 783, 875 (1994)).

¶4   The distinction between a procedural and a substantive law is not always easily discernible.   Substantive laws create and define rights, duties, and obligations. Durant, 49 V.I. at 373.   Procedural rules regulate the judicial process for enforcing such substantive rights, duties, and obligations and the process for justly administering remedies and redresses for disregard or infraction of such rights, duties, and obligations. Id.; see Todman, 57 V.I. at 544.   For example, laws, such as 5 V.I.C. § 1451(d), which provide for the apportionment of fault are substantive since they define the rights, duties, and obligations between those to whom they apply. World Fresh Markets, 74 V.I. at 462.   On the other hand, a rule, such as 5 V.I.C. § 547, which permits a defendant to require a non-resident plaintiff to post a bond in order to maintain a lawsuit and to secure a stay of action pending posting of the security, is procedural. Bentley, 65 V.I. at 301.   Similarly, evidentiary

rules are generally procedural in nature. <u>Ventura v. People of the V.I.</u>, 64 V.I. 589, 613 (V.I. 2016). With these principles in mind the Court analyzes the Virgin Islands preference statute.

## LEGAL ANALYSIS

¶5 Plaintiffs seek a preferential trial setting pursuant to the senior status provision of the Act. They assert the Act mandates this Court to grant their motions and set preferential trial dates no later than 180 days from the filing of their motions, that is, by March 21, 2022. Mot. for Preferential Trial Setting, pp 2-3. Defendants respond the statute is a procedural rule that conflicts with Virgin Islands Rules of Civil Procedure 16 and 92 through 96 and thus violates the separation of powers doctrine. Opp. p 3 - 6. p 2.[2]

¶6 The critical issue raised by the parties' contentions is whether the Act constitutes procedural vs substantive law. If the Act constitutes substantive law, it will prevail over any potentially conflicting court created procedural rule. Conversely, if it is procedural in nature, this Court must then determine whether the Act conflicts with any court created procedural rule. The issue regarding the

---

2 Defendants also respond that further proceedings in the Mohansingh case should be stayed since that matter is subject to a valid arbitration agreement. Opp. at 1 - 2. This Court, however, has determined that there is no valid arbitration agreement that governs the proceedings in the Mohansingh case. As such, this issue is moot. See Order Denying Motion to Compel, <u>In re: Refinery Workers Toxic Tort Litig.</u>, 2022 VI Super 3U, January 13, 2022.

validity of the Act under the separation of powers doctrine is one of first impression.

This Court concludes that Act 8468 is a valid exercise of legislative power to enact

substantive law and does not contravene the separation of powers doctrine.

1) Act 8468 Constitutes Substantive Law.

¶7     Act 8468 provides in pertinent part:

(1) A party to a civil action who is over 70 years of age or older may petition the court for a preference, which the court shall grant if it finds that the party has a substantial interest in the action as a whole.

(2) A party to a civil action who is over 65 years of age or older may petition the court for a preference, which the court shall grant if the court makes both of the following findings:

(A) The party has a substantial interest in the action as a whole; and

(B) The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation.

(3) In its discretion, the court may also grant a motion for preference that is accompanied by clear and convincing medical documentation that concludes that the movant, who is a party, suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months, and that satisfies the court that the interests of justice will be served by granting the preference.

(4) Upon the granting of such a motion for preference for an elderly party, the court shall set the matter for trial not more than 180 days from that date that the elderly party moves for preference. There shall be no continuance beyond 180 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, or upon a showing of good cause stated in the record. Any

> continuance shall be for no more than 30 days and no more than one continuance for physical disability may be granted to any party.
>
> (5) Upon the granting of such a motion for preference for a terminally ill party, the court shall set the matter for trial not more than 90 days from that date that the terminally ill party moves for preference and there shall be no continuance beyond 90 days from the granting of the motion for preference except for a physical disability of a party or a party's attorney, or upon a showing of good cause stated in the record. Any continuance shall be for no more than 30 days and no more than one continuance for physical disability may be granted to any party.

5 V.I.C. § 31(b)(1-5). In determining the classification of Act 8468 this Court considers the purpose and effect of the Act. The Bill Summary states that its purpose is:

> to grant elderly persons and the terminally ill preference in court proceedings with the goal of concluding the court proceedings before the person passes away.

34th Legislature, Bill No. 34-0076, Bill Summary, June 21, 2021. During the August 3, 2021 full body hearing on the bill, senators expressed concern that it takes many years to process civil cases through the court system, and that seniors and the terminally ill often die before seeing their day in court.[3] This Court likewise

---

3 Senator Franklyn Johnson stated, "I definitely support this measure here to make sure that seniors who are ailing get their day in court before they pass on." Livestream.com/legittv/34[th], 4:19:27 to 4:19:40, August 3, 2021. Similarly, Senator Steven Payne stated, "and as it relates to our seniors, we all know that civil matters can be, your honor, in court proceedings for 20, 30 and or even 40 years. This speaks volumes to the forward thinking of the bill sponsor." Livestream.com/legittv/34[th], 4:32:48 to 4:33:22, August 3, 2021. Senator Carrion echoed similar sentiments when he said, "the intent of this bill is commendable because it really focuses on our seniors and those that are terminally ill that many times they die before they see their civil case be settled." Livestream.com/legittv/34[th], 4:46:12 to 4:46:38, August 3, 2021.

takes judicial notice that the typical civil case takes at least fours years to achieve judicial resolution. The delay exists due to the plethora of cases routinely filed in this court. It is quite evident that the Legislature perceived the existence of an increased risk of death before trial to persons over the age of 70 and the terminally ill which would deprive them of the opportunity to recover damages that may be due to them. To minimize the risk, the Legislature created a right for the elderly and the terminally ill to petition the court for a trial preference as reflected in Sections 31(b)(1), (2), and (3). At the December 20, 2021 hearing on Plaintiffs' Motion for Trial Preference, Defendants conceded that these provisions — which mandate the court to grant a trial preference where the plaintiff is 70 or more years of age and has a substantial interest in the litigation — constitute substantive law. However, they argue that Section 31(b)(4), which mandates the setting of a trial date within 180 days, is procedural law. This Court finds that further analysis of the circumstances surrounding the statute's enactment and effect shows otherwise.

¶8 The Legislature's concern transcended the mere grant of the right to a preferential or expedited trial date. The deeper concern was to ensure the receipt of a trial before the litigant dies in light of existing delays in setting civil trial dates.

To address this concern, they "defined" the contours of the preference by setting a 180-day trial deadline. By incorporating this deadline, the Legislature did more than merely create a general trial preference. They made a social policy determination that the elderly and the terminally ill should be entitled to a right to have their cases heard in court within 180-days of their request. Without a mandatory deadline the grant of a trial preference would do little to achieve the goal of "trial before death." The setting of preferential trial dates would be left to each judge's discretion and could vary substantially depending on the assigned judge. Nothing would prohibit a judge, for example, from setting a preferential trial date for two (2) years after the filing of a preference motion. This would abrogate clear legislative intent and likely deprive qualifying litigants of the substantive right to receive claimed damages during their lifetime. Accordingly, Section 31(b)(4), which mandates a 180-day deadline, defines, and must be construed as a constituent part of, the trial preference right created in Sections 31(b)(1), (2) and (3). Together, they constitute a new substantive law. Such legislatively created substantive law prevails over any conflicting court created procedural rule that may exist and does not violate the separation of powers doctrine. See World Fresh Markets, LLC, 74 V.I. at 461 (stating "a doctrine of law created by this Court must ultimately yield to the substantive statutes adopted by the Legislature.")

2) Act 8468 Does Not Conflict with Any Procedural Rule.

¶9     Even if Act 8468 were to be construed as a procedural rule, it would violate the separation of powers doctrine only if it conflicted with a judicially created procedural rule since the legislature has concurrent authority to create procedural rules. Bently, 65 V.I. 289 at 302 - 303.   Such legislatively created procedural rules are given deference to the extent they are compatible with judicially created procedural rules. Id. at 303.   Defendants identify no specific conflicting judicially created procedural rule.   Instead, they argue generally that the Act restricts the court's discretion to set deadlines and otherwise manage its civil cases as permitted via V.I. R. Civ. P. 16 and 92 through 96.   This Court disagrees.

¶10   At the outset the Court notes that the Act creates a preference not for all civil litigants, but only for a limited class of persons (i.e. those 70 or more years of age and the terminally ill).   As such, any impact on civil case management is minimal. Rule 16 governs judicial management of civil cases.   It requires the issuance of a scheduling order within 90 days of service of a complaint upon the defendant or 60 days after the defendant appears. V.I. R. Civ. P. 16(b)(2).   Similarly, Rule 93 requires that the court hold an initial management conference within 60 days of opening a master case and to issue a case management order within 28 days of the conference. V.I. R. Civ. P. 93(c)(1) and (4).   It is quite possible to comply with

these deadlines within the 180-day time period mandated by the Act. Further, the

Act itself provides the Court with discretion to alter the filing date of the motion for

preference. It provides, in pertinent part

> (6) <u>Unless the court otherwise orders</u>:
>
>> (B) at any time during the pendency of the action, a party who reaches 70 year of age may file and serve a motion for preference.
>>
>> (C) at any time during the pendency of the action, a party who is diagnosed as terminally ill with less than six (6) months to live may file and serve a motion for preference.

5 V.I.C. 31(b)(6) (emphasis added). Thus, although the statute provides that a

party may file a motion for trial preference "at any time during the pendency of the

action," this Court could still manage preference cases by, for example:

1) issuing an order requiring the filing of a 60-day notice of intent to seek a trial preference; or

2) issuing an order precluding the filing of a motion for trial preference before the date set in the Rule 16 scheduling order, or in the Rule 93 case management order, for completion of the plaintiff's deposition.

Nothing in the Act precludes the exercise of such management discretion by the

court to control the timing of the preference motion. Accordingly, Act 8468

presents no conflict with existing judicially created procedural rules.

¶11 At least two similar statutes have survived constitutional challenges.

California's preference statute provides in pertinent part:

(a) A party to a civil action who is over 70 years of age may petition the court for a preference, which the court shall grant if the court makes both of the following findings:

(1) The party has a substantial interest in the action as a whole.

(2) The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation.

(c) Unless the court otherwise orders:

(1) . . .

(2) At any time during the pendency of the action, a party who reaches 70 years of age may file and serve a motion for preference.

. . .

(f) Upon the granting of such a motion for preference, the court shall set the matter for trial not more than 120 days from that date and there shall be no continuance beyond 120 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, or upon a showing of good cause stated in the record. Any continuance shall be for no more than 15 days and no more than one continuance for physical disability may be granted to any party.

Cal. Civ. Proc. Code 36(a). In <u>Rice v. Superior Court</u>, 136 Cal. App. 3d 81 (Cal. App. 1982), the California Court of Appeals was called upon to determine whether the statute was mandatory and, if so, whether it impermissibly violated the inherent powers of the trial court to regulate the order of its business. The court considered that the stated purpose of the statute was:

...to safeguard to litigants beyond a specified age against the legislatively

acknowledged risk that death or incapacity might deprive them of the opportunity to have their cases effectively tried and the opportunity to recover their just measure of damages or appropriate redress.

Id. at 89.   The court further considered that the preference statute: 1) was narrow in scope as it pertained to a small class of litigants; and 2) permitted the court a 120-day window to set a trial date.   It thus concluded:

> …given that section 36, subdivision (a) provides a <u>substantive</u> right to older litigants, trial courts are not unduly hampered in ordering their business when allowed such a period within which to set trial. Therefore, we cannot construe subdivision (a) as impermissibly infringing upon the administrative power of trial courts.

Id. at 93 (emphasis supplied).   This same rationale applies to the Virgin Islands preference statute.

¶12   Similarly, the Illinois Legislature promulgated a statute which provides:

(a) A party who is an individual and has reached the age of 70 years shall, upon motion by that party, be entitled to preference in setting for trial unless the court finds that the party does not have a substantial interest in the case as a whole.

(b) The court may, in its discretion, grant a motion for preference in setting for trial where a party shows good cause that the interests of justice will be served by granting a preference in setting for trial.

734 ILCS 5/2-1007.1.  In <u>Davidson v. Davidson</u>, 243 Ill. App. 537 (Ill. App. 1993), the Illinois Appellate Court addressed the issue of whether the statute "is unconstitutional as conflicting with the Supreme Court's rule making powers and whether the statute impermissibly interferes with a trial court's ability to control its

own calendar." <u>Davidson</u>, 243 Ill. App. at 538.   Although, it considered the statute

procedural, the Illinois Appellate Court concluded that it did not conflict with any of

its supreme court rules nor interfere with the court's ability to control its calendar.

It recognized the legislative "intent to advance for trial the cases of senior citizens

who might otherwise not be able to have their cases heard, without infringing upon

the inherent powers of the judiciary" and found that the statute was constitutional.

<u>Id</u>. at 538 - 539.   As explained above, this Court likewise discerned no conflict

between Act 8468 and judicially created procedural rules.

### 3) The Provisions of Act 8468 are Mandatory.

¶13   The language of Act 8468 is quite clear.   It states, "the court shall grant" the

petition for trial preference if it finds the party has a substantial interest in the

litigation. 5 V.I. § 31(b)(1).   The statute further mandates the setting of a trial date

within 180-days from the filing of the motion for preference. 5 V.I. § 31(b)(4).   The

mandatory nature of the Act is quite apparent as this Court has previously found.

See <u>In Re Asbestos, Silica, Catalyst Dust Claims I</u>, SX-2021-CV-058, Nov. 16,

2021, at *7, 2021 V.I. Super. 114P (holding "this Court finds that the provisions of

Act 8468 are mandatory.").      Here, Plaintiffs submitted proof that they are over

the age of 70 years.   Pursuant to their complaints, they would be the sole

beneficiaries of any money damages awarded. See Complaints, p 8.   Plaintiffs

thus have a substantial interest in the outcome of this action. Such interest coupled with their age require the setting of a trial date, under the Act, of no later than 180 days from the filing of Plaintiffs' motion, that is, by March 21, 2022. 5 V.I.C. § 31(b)(4). This Court is thus duty bound to, and will, set a trial date within the statutory parameters.

## CONCLUSION

¶14    This Court concludes that Act 8468 constitutes substantive law and does not violate the separation of powers doctrine. It also does not conflict with any judicially created procedural rule. Accordingly, the Court will grant Plaintiff's motion for trial preference. An order consistent herewith will be entered contemporaneously.

ALPHONSO G. ANDREWS, JR.
Superior Court Judge

ATTEST:
TAMARA CHARLES
CLERK OF THE COURT

COURT CLERK

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
January 14, 2022 05:25 PM
SX-2015-CV-00198
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| IN RE: Refinery Workers Toxic Tort Litigation. | Master Case No. SX-2015-CV-198 (Complex Litigation Division) |
| | Re: SX-2006-CV-231, -221 |

## ORDER GRANTING MOTIONS FOR PREFERENTIAL TRIAL SETTING

This matter came before the Court on Plaintiffs' Motions for Preferential Trial Settings filed on September 20 – 21, 2021, Defendants' Opposition thereto filed on October 18, 2021, and Plaintiffs' Reply filed on November 18, 2021. Consistent with the Memorandum Opinion filed in this matter on even date herewith, it is hereby

ORDERED that Plaintiffs' **Motions for Trial Preference are GRANTED;** and it is further

ORDERED that **a consolidated trial is scheduled in the Hughes and Mohansingh matters, i.e., SX-2006-CV-221 and SX-2006-CV-231, for 9:00 a.m. on Monday March 21, 2022** at the Superior Court in Room 203.

DATE: January 14, 2022

ALPHONSO G. ANDREWS, JR.
Superior Court Judge

**ATTEST:**
**TAMARA CHARLES**
**CLERK OF THE COURT**

**COURT CLERK**