IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
January 13, 2022 04:58 PM
SX-2015-CV-00198
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| IN RE: Refinery Workers Toxic Tort Litigation. | Master Case No. SX-2015-CV-198 (Complex Litigation Division) |
| | Re: SX-2006-CV-231, -238 |

Cite as: 2022 VI Super 3U

**Appearances:**
**Thomas Alkon, Esq.**
Law Offices of Thomas Alkon
PO Box 223032
Christiansted, V.I. 00822
*For Plaintiffs*

**Korey A. Nelson, Esq., Charles Jacob Gower, Esq. and Harry Rick Yelton, Esq.**
Burns Charest LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
*For Plaintiffs*

**J. Russell Pate, Esq.**
The Pate Law Firm
PO Box 890
St. Thomas, VI 00804
*For Plaintiffs*

**Warren T. Burns, Esq. and Daniel T. Charest, Esq.**
Burns Charest, LLP
900 Jackson Street, Ste. 500
Dallas, TX 75202
*For Plaintiffs*

**Jerry Hudson Evans, Esq.**
Richard, Patrick, Westbook, & Brickman LLC
PO Box 1007
Mt. Pleasant, SC 29465
*For Plaintiffs*

**Carl A. Beckstedt III, Esq.**
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, V.I. 00820
*For Defendants Hess Corporation and Hess Oil New York Corporation
(formerly Hess Oil Virgin Islands Corporation)*

**Carolyn F. O'Connor, Esq. and Joseph T. Hanlon, Esq.**
Wilson Elser Moskowitz Eldelman & Dicker LLP
200 Campus Drive
Florham Park, NJ 07932-0668
*For Defendants Hess Corporation and Hess Oil New York Corporation (formerly
Hess Oil Virgin Islands Corporation)*

**W. Mark Wilczynski, Esq.,**
Law Offices of W. Mark Wilxynski
P.O. Box 1150
St. Thomas, V.I. 00804-1150
*For Litwin Corporation*

**James L. Hymes, Esq.**
Hymes and Zebedee
No. 10 Norre Gade
St. Thomas, V.I. 00804-150
*For Litwin Corporation*

## MEMORANDUM OPINION
### (Filed January 13, 2022)

**Andrews, Jr.,** *Judge*

### INTRODUCTION

¶1    Plaintiffs bring this action for damages against defendant oil refinery companies. They allege, during their employment, Defendants negligently exposed them to toxic substances which caused them to suffer disease and

illnesses. Defendants Hess Corporation and Hess Oil Virgin Islands Corporation now move this Court to stay its proceedings and compel Plaintiffs to arbitrate their claims pursuant to an agreement they signed. Plaintiffs respond that Defendants' request for arbitration is untimely and the arbitration agreement is inapplicable to Defendants. For the reasons mentioned below, this Court concludes the arbitration agreement is unenforceable and Defendants' motion to compel is nevertheless untimely. The Court will thus deny the motion to compel.

## FACTUAL BACKGROUND

¶2    January 27, 2004 and May 5, 2005, Plaintiffs Kendal Roberts and Kadar Mohansingh, respectively, executed arbitration agreements with their then employer, HOVENSA, L.L.C. On March 14, 2006, they commenced the above-captioned civil actions against Amerada Hess Corporation (Hess), Hess Oil Virgin Islands Corporation (HOVIC), Litwin Corporation, and Universal Oil Products.[1] They seek damages for injuries allegedly suffered as a result of their exposure to asbestos, silica, and catalyst dust while employed at Hess Oil Virgin Islands Refinery. See Complaints (SX-2006-CV-231, Mar. 14, 2006; SX-2006-CV-238 Mar. 14, 2006). On November 6, 2014 and January 7, 2015, defendants Hess

---

[1] Plaintiffs' cases are grouped under the instant master case (SX-2015-CV-198). A total of 10 active similar cases, including the instant plaintiffs, remain currently grouped thereunder. Pursuant to the parties stipulation, this Court dismissed Plaintiffs' cases against defendant Universal Oil Products on December 4th and 8th, 2009.

and HOVIC filed motions to compel Plaintiffs to arbitrate their claims.[2] SX-2006-CV-231, CMS No. 41; SX-2006-CV-238, CMS No. 57. Plaintiffs opposed the motions on November 17, 2014 and January 9, 2015. SX-2006-CV-231, CMS No. 43; SX-2006-CV-238, CMS No. 57. Defendants replied to Plaintiffs' oppositions on November 21, 2014 and January 22, 2015. SX-2006-CV-231, CMS No. 44; SX-2006-CV-238, CMS No. 58. On October 16, 2019, this Court held a hearing on Defendants' motions and took the matter under advisement. SX-2015-CV-198, CMS No. 185.

## APPLICABLE LAW

¶3     Defendants premised their motion to compel upon the Federal Arbitration Act (FAA). HOVIC and Hess Supp Brief, p 2, 11/14/16 (stating "HOVIC and Hess filed their Motions to Compel Arbitration under Section 3 of the FAA."). The Virgin Supreme Court has held that the FAA applies to the Virgin Islands where an interstate nexus exists. Whyte v. Bockino, 69 V.I. 749, 760 (V.I. 2018). The party seeking arbitration bears the initial burden to establish that an agreement to arbitrate exists. Id. ("Thus, a party seeking to compel arbitration must not only show that an agreement to arbitrate exists, but that the contract evidences an interstate nexus."). Assuming such an agreement exists, the Court must then determine

---

2 The third remaining defendant, Litwin Corporation, is not a party to the instant motion to compel arbitration.

whether the issue raised is referable to arbitration under the agreement. 9 U.S.C.S. § 3. Accordingly, to prevail on their motion, Defendants must establish the existence of a valid agreement to arbitrate, an arbitrable issue and an interstate nexus.

## LEGAL ANALYSIS

¶4    Defendants Hess and HOVIC seek an order compelling Plaintiffs to arbitrate their claims.   They assert that Plaintiffs' claims are subject to an arbitration agreement; hence, the instant proceedings must be stayed and arbitration compelled. Mot. to Compel, p 1.   Plaintiffs respond that:

a) The six-year limitations period to enforce the terms of the arbitration contract expired, on March 14, 2012, before Defendant's filed their motion to compel. Opp. to Mot. to Compel, p 2.;

b) Defendants' Motion to Compel Arbitration was made outside the limitations period provided in the Dispute Resolution Plan. Hearing Transcript, 10/16/19, pp 14-17; and

c) Defendants have no rights under the Dispute Resolution Plan since they did not agree to be bound by it. Hearing Transcript, 10/16/19, pp 18-19.

The prime issue emanating from the parties' contentions is whether a valid arbitration agreement between the parties exist.   This Court thinks not.   Even if one exists, Defendant's motion to compel is untimely; hence, the agreement would be unenforceable.

## 1) **There is No Valid Arbitration Agreement Between the Parties.**

¶5     In determining a motion to compel arbitration, the Court's first task is to determine the existence of an agreement to arbitrate. The party seeking to compel arbitration bears the burden to "show that an agreement to arbitrate exists." Bockino, 69 V.I. at 760; Jim Parker Bldg. Co. v. G&S Glass & Supply Co., 69 So. 3d 124, 133 (Ala. 2011) (stating "[t]he party seeking to compel arbitration has the initial burden of proving the existence of a written contract calling for arbitration and proving that contract evidences a transaction involving interstate commerce.").

¶6     Defendants assert that Plaintiffs' claims are subject to a valid arbitration agreement. Mot. to Compel, p 1. Their assertion is based on Agreements executed by Plaintiffs on May 5, 2005 and January 27, 2004 "to be bound by and comply with the terms of HOVENSA's Dispute Resolution Program with respect to any matter related to, and arising before, during or after" their employment with HOVENSA. Mot. to Compel, Ex. B. The terms of the Program are outlined in a document titled "The HOVENSA DISPUTE RESOLUTION PLAN (the DRP)." The stated purpose and intent of the plan provides as follows:

> The Plan is designed to provide a program for the quick, fair, accessible and inexpensive resolution of Disputes between HOVENSA L.L.C. (the "Company") and the Company's present and former Employees and Applicants for employment, related to or arising out of a current, former or potential employment relationship with the Company. The Plan is intended to create an exclusive procedural mechanism for the final resolution of all Disputes falling

within its terms. It is not intended to take away from or enlarge substantive rights available under law. The Plan contractually modifies the employment relationship between the Company and its Employees, but only to the extent expressly stated in this Plan. The Plan should be interpreted in accordance with these purposes.

DRP ¶ 1. A simple reading of the Plan's purpose reveals that it applies to HOVENSA L.L.C. also referred to as the "Company" and its employees. The DRP defines "Company" as

> HOVENSA L.L.C. and every subsidiary of HOVENSA, any Electing Entity, any entity or person alleged to have joint and several liability concerning any Dispute, . . . : provided, however, that in the case of an Electing Entity, "Company" will include the Electing Entity only to the extent provided in the Electing Entity's agreement to be bound by the Plan.

DRP ¶ 2C. (emphasis added). The Plan defines "Electing Entity" to mean

> Any legal entity which has agreed to be bound by the Plan as provided herein and includes the Company's members, Hess Oil Virgin Islands Corp. and PDVSA V.I., Inc. and their parents Amerada Hess Corporation and Petroleos de Venezuela, S.A.

DRP ¶ 2E. Thus, defendant Hess and HOVIC are intended Electing Entities under the Plan. This, however, does not end the analysis as the Plan restricts which Electing Entities are included in "the Company" and hence covered by the Plan.

¶7 Defendants concede that "HOVIC, Hess, and HOVENSA are all separate corporate entities." HOVIC and Hess Supp. Brief, p 4, n 3, 11/14/16. They

nonetheless maintain that "since HOVIC and HESS are specifically defined by the Plan and Rules as 'Electing Entities' Plaintiff's claims against these entities are subject to the DRP and its arbitration provision because they are named third-party beneficiaries to the agreement." Mot. to Compel, p 3. In light of their separation from Hovensa, however, Defendants, though defined as Electing Entities, are included in the Plan only to the extent provided in their agreement to be bound by the Plan. DRP ¶ 2C. Defendants have neither produced nor even asserted that such an agreement to be bound exists. To the contrary they admit that the motion to compel was filed on November 6, 2014, "after receiving discovery revealing that Plaintiff was subject to an arbitration agreement he signed with HOVENSA, L.L.C." HOVIC and Hess' Supp. Brief, p 3, 11/14/16. Defendants received the agreement in October 2014. Had they executed agreements to be bound by the DRP they would have been on notice, since 2006 (when the complaints were filed), of the possibility that Plaintiffs were parties to the agreement as well and would have had cause to search for Plaintiffs' arbitration agreement. Under those circumstances it should not have taken eight years to seek and obtain a copy of that agreement. It is thus patently obvious that Defendants were unaware of the existence of the DRP prior to October 2014. Hence, they could not have agreed to be bound by the plan and therefore are not "Electing Entities" thereunder. Accordingly, Defendants have failed to establish the existence of a valid arbitration agreement

between Plaintiffs and them. Without knowledge of the terms (pursuant to an agreement to be bound) describing the extent to which Defendants, as electing entities, agreed to be bound there is no agreement to enforce.

## 2) Defendant's Motion to Compel Is Untimely.

¶8      Even if Defendants and Plaintiffs were parties to the DRP, the motion to compel is untimely.   Defendants premised their motion to compel on the DRP and the Federal Arbitration Act.   They claim that "Plaintiff's claims are subject to an arbitration agreement [the DRP] and therefore, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. 1, must be stayed and arbitration compelled." Mots. to Compel, p 1.   Defendants' motion is thus an attempt to enforce an arbitration clause in a contract. See Valentin v. Grapetree Shores, 2015 V.I. LEXIS 76, No. SX-11-CV-305, at *4 (V.I. Super. Ct. Jun. 30, 2015) (stating "[C]ourts have long recognized that arbitration is a creature of contract."). The statute of limitations for such contract claim is governed by Virgin Islands law.   That time period is six (6) years "after the cause of action shall have accrued." 5 V.I. § 31(a)(3)(A).   Pursuant to federal law, "an action to compel arbitration under the [FAA] accrues only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute." PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1066 (3d Cir. 1995); 9 U.S.C. § 4.   Plaintiffs' filing of complaints on

March 14, 2006, constituted an unambiguous manifestation of their intent not to arbitrate the dispute raised therein. Beijing Shougang Mining Inv. Co. v. Mongolia, 11 F.4th 144, 162 (2nd Cir. 2021) (stating "[A] party has refused to arbitrate if it commences litigation or is ordered to arbitrate the dispute [by relevant arbitral authority] and fails to do so.")(citing Jacobs v. U.S.A. Track & Field, 374 F.3d 85, 88 (2d Cir. 2004)); Allen v. Horter Inv. Mgmt. LLC, 2020 U.S. Dist. LEXIS 181315 at *4-5, Sep. 30, 2020 (S.D. Ohio 2020) (stating "A party has 'refused to arbitrate within the meaning of Section 4 if it 'commences litigation or is ordered to arbitrate the dispute by the relevant authority and fails to do so.'") citing LAIF X SPRL v. Axtel, S.A. de C.V., 390 F.3d 194, 198 (2d Cir. 2004); Jones v. GMC, 640 Supp. 2nd 1124, 1145 (D. Ariz. 2009) (stating "[T]he very commencing of litigation can itself be interpreted as a refusal to arbitrate."). As such, the time for filing a motion to compel arbitration expired on March 14, 2012, six (6) years after Plaintiffs filed their complaints.[3] Defendants filed their motions to compel on November 6, 2014 and January 7, 2015. Such filings were therefore untimely.

---

[3] Defendants argue that the six-year statute of limitations for filing their motions to compel did not accrue until Plaintiffs opposed Defendants' motions to compel on November 14, 2014. Reply to Opp. to Defs. Mot. to Compel, p 3. On that date, they contend, Plaintiffs first refused to arbitrate. The logic of Defendant's position escapes the Court. By this reasoning, the deadline to file a motion to compel, in the instant context, will always expire six (6) or more years "after" the motion is filed. Hence, the motion will never be untimely. It is far more reasonable to consider the filing of the complaint as manifesting the desire not to arbitrate and as the accrual date of the limitations statute.

¶9     The motions to compel arbitration were also filed outside the more restrictive time constraints of the arbitration agreement which provided:

> A Party must initiate proceedings under the Plan within 180 days after the event which gives rise to the Dispute or the time allowed by applicable law for the filing of a judicial complaint, whichever is longer. Any claim not raised within this period will be deemed barred by limitations.

Hovensa Dispute Resolution Plan, ¶ 3G. This limitation plainly applies to any party – that is, employee or employer – who makes a claim. Here, Defendants (employer) sought to initiate arbitration proceedings when they claimed (via the instant motion to compel) the dispute raised by Plaintiffs is subject to arbitration pursuant to the DRP. Such claim was required to be made by the longer of 180 days after the event that gave rise to Plaintiffs' dispute, or the time provided by law for filing a complaint. The event giving rise to the dispute arose on March 14, 2006, at the latest, when the complaints were filed. By the 180-day timeline, Defendants were required to initiate arbitration proceedings by September 14, 2006. The complaints alleged negligence and fraudulent concealment on the part of Defendants. Complaints, pp 4-8. The time limit for filing such claims is two (2) years after the cause of action accrues. 5 V.I.C. § 31(a)(5)(A). At the latest, such accrual would have occurred on March 14, 2006 and Defendants' claim had to be filed by March 14, 2008. Hence, Defendants' Motions to Compel were filed outside both the 180-day and two-year time limits.

## CONCLUSION

¶10    This Court concludes that defendants Hess and HOVIC were not parties to the arbitration agreement (i.e. the DRP) and hence cannot enforce it.   Further, even they were parties to the agreement, their motions to compel arbitration were untimely filed.   Accordingly, the motions to compel arbitration will be denied.   An order consistent herewith will be entered contemporaneously.

_____
ALPHONSO G. ANDREWS, JR.
Superior Court Judge

ATTEST:
TAMARA CHARLES
CLERK OF THE COURT

_____
COURT CLERK

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
January 14, 2022 12:47 PM
SX-2015-CV-00198
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| IN RE: Refinery Workers Toxic Tort Litigation. | Master Case No. SX-2015-CV-198 (Complex Litigation Division) Re: SX-2006-CV-231, -238 |

## AMENDED ORDER DENYING MOTION TO COMPEL ARBITRATION[1]

This matter came before the Court on Defendants' Motions to Compel Arbitration filed on November 6, 2014 and January 7, 2015, Plaintiffs' Oppositions thereto filed on November 17, 2014 and January 9, 2015 and Defendants' Replies filed on November 21, 2014 and January 22, 2015. Consistent with the Memorandum Opinion filed in this matter on January 13, 2022, it is hereby

ORDERED that Defendants' **Motions to Compel Arbitration are DENIED**.

DATE:   January 14, 2022

ALPHONSO G. ANDREWS, JR.
Superior Court Judge

ATTEST:
TAMARA CHARLES
CLERK OF THE COURT

COURT CLERK

---

1 This Amendment corrects the previous Order which referenced "Plaintiffs" instead of "Defendants" Motion to Compel in the SO ORDERED paragraph.

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

January 13, 2022 05:00 PM
SX-2015-CV-00198
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

IN RE: Refinery Workers Toxic Tort
Litigation.

Master Case No. SX-2015-CV-198
(Complex Litigation Division)

Re: SX-2006-CV-231, -238

## ORDER DENYING MOTION TO COMPEL ARBITRATION

This matter came before the Court on Defendants' Motions to Compel Arbitration filed on November 6, 2014 and January 7, 2015, Plaintiffs' Oppositions thereto filed on November 17, 2014 and January 9, 2015 and Defendants' Replies filed on November 21, 2014 and January 22, 2015. Consistent with the Memorandum Opinion filed in this matter on even date herewith, it is hereby

ORDERED that Plaintiffs' **Motions to Compel Arbitration are DENIED.**

DATE:    January 13, 2022

ALPHONSO G. ANDREWS, JR.
Superior Court Judge

ATTEST:
**TAMARA CHARLES**
**CLERK OF THE COURT**

**COURT CLERK**